UNITED STATES of America, Appellee,

v.

John C. AARON, Appellant.

No. 76–1831.

United States Court of Appeals,
Eighth Circuit.

Submitted April 8, 1977.

Decided April 13, 1977.

Lawrence F. Gepford, Kansas City, Mo.,
on brief for appellant.

Bert C. Hurn, U.S. Atty. and J. Whitfield
Moody, Asst. U.S. Atty., Kansas City, Mo.,
on brief for appellee.

Before LAY, BRIGHT and WEBSTER,
Circuit Judges.

PER CURIAM.

John C. Aaron, a black man, appeals from
a jury conviction on two counts of distribu-
tion of heroin, a controlled substance, in
violation of 21 U.S.C. § 841(a)(1).  He has
preserved two claims of prejudicial error
for our consideration: (1) that he was de-
nied a fair trial by reason of the prosecu-
tor's systematic exclusion of blacks from
the jury, and (2) that he should have been
granted a mistrial when a government wit-
ness volunteered impermissible evidence of
other criminal activity by the appellant.
We reject these contentions and affirm the
judgment of conviction.

I.

A previous trial had resulted in a
hung jury, and a mistrial was granted on
Aaron's motion.  A new jury was empan-
elled on July 12, 1976.  Following his con-
viction on July 14, 1976, appellant filed a
motion for new trial in which he alleged
that he had been prejudicially denied a fair

trial by the systematic exclusion of black veniremen from the jury. The District Court[1] rejected this contention.

The uncontroverted record before us reflects that there were four black veniremen on the panel called to hear appellant's case. One black was challenged for cause by the government and was excused without objection by appellant. The government then used its six available peremptive challenges to exclude two blacks and four whites from the jury panel, producing an all-white jury. It did not use its remaining peremptory challenge to exclude a black juror from the two alternate jurors selected, and he became the second alternate juror.[2]

Appellant relies upon the statistics adduced in United States v. Carter, 528 F.2d 844 (8th Cir. 1975), cert. denied, 425 U.S. 961, 96 S.Ct. 1745, 48 L.Ed.2d 206 (1976), to show a systematic exclusion of jurors in the Western District of Missouri. In that case, we expressed concern at statistics which reflected that, in 1974, of the 70 black jurors who were potentially available as jurors in 15 cases 57 were stricken by the government through the use of its peremptory challenges. Thus, 81 per cent of the blacks potentially available were excluded. In 47 per cent of the cases cited, the government used its peremptory challenges to remove all available black jurors. We concluded nonetheless that the appellant in Carter had failed to set forth a prima facie case of improper use of the peremptory challenge, noting that Carter's own figures demonstrated that "in 8 of the 15 cited cases of alleged discrimination the prosecution accepted juries which in fact had one or more blacks, despite the fact that in each case its peremptory challenges were sufficient to exclude any and all blacks from sitting on the jury." Id., 528 F.2d at 850. Further, we noted that there was nothing in the record to demonstrate that "blacks were excluded from juries 'for reasons wholly unrelated to the outcome of the particular case on trial.'" Id., quoting Swain v. Alabama, 380 U.S. 202, 224, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965).

Appellant presented no additional statistical data to the District Court reflecting an exacerbation of the statistics advanced in Carter. We rejected such an approach in United States v. Nelson, 529 F.2d 40 (8th Cir.), cert. denied, 426 U.S. 922, 96 S.Ct. 2631, 49 L.Ed.2d 377 (1976). We did, however, express confidence that the District Judges in the Western District of Missouri would take appropriate action should such practices continue. Id. at 43.

We find appellant's showing to be unconvincing. Given the wide discretion which the term "peremptory challenge" by its very nature implies, see Swain v. Alabama, supra, 380 U.S. at 220, 85 S.Ct. 824, we cannot say that the defendant has met its burden of demonstrating a misuse of the system to deny blacks "the same right and opportunity to participate in the administration of justice enjoyed by the white population." Swain v. Alabama, supra at 224, 85 S.Ct. at 838.[3]

## II.

The government's evidence was that appellant on two occasions distributed heroin to a government informant, Thomas Matula, in exchange for cash. On re-direct examination of FBI Agent Harrell Hockemeier, who viewed the transactions, the prosecutor sought to obtain the name of the person who had suggested that the informant purchase heroin from appellant. The following colloquy occurred:

BY MR. HOPPE:

Q Did you know the drug prices in the Kansas City area in January 1976?

---

1. The Honorable William H. Becker, Chief Judge, United States District Court for the Western District of Missouri.

2. The second alternate ultimately became the first alternate when a juror was excused from the panel.

3. The record presented to us does not make clear whether appellant raised this issue at any time prior to the motion for new trial. See United States v. Partee, 546 F.2d 1322 (8th Cir. 1976). In order not to prolong this litigation, we assume for purposes of this appeal that the issue was timely raised.

A  Yes, sir.

Q  Were there any other drugs, illicit drugs, at about that time that went at the same rate of $150 a gram, do you know?

A  No, sir, not that I am aware of.

Q  Your testimony · when I was asking you questions, who did you say suggested that Matula buy heroin from Aaron in the first place?

A  Suggested buying from Mr. Aaron.

Q  Who suggested it to begin with?

A  It was knowledge that Mr. Aaron was dealing, and we was aware that Mr. Matula prior to this had dealt for Mr. Aaron.

Defense counsel immediately moved for a mistrial, contending, that the volunteered testimony of other criminal activity was highly prejudicial. In a bench conference, the District Court denied the motion but invited an objection or motion to strike, which, when made, was promptly sustained. The District Court thereupon advised the jury as follows:

THE COURT: Ladies and gentlemen of the jury, the last answer given by the witness was not responsive to the question that was asked, and it also contained a statement which should be disregarded by you. The defendant is on trial only for these two charges of alleged illicit drug transactions of January 7, 1976, and January 14, 1976. And the reference that the witness made to prior alleged knowledge should be entirely disregarded by you, and should not be considered in any' way about what prior information was about the defendant's activities.

It would be a violation of the law to give any credit to any rumor or statement of what had been heard prior to these two transactions and unrelated to these two transactions. And I am in-

structing you that you should not give any consideration to the last answer of the witness which was really not responsive to the question about what was thought or believed or alleged to have been known about the defendant's activities other than these two charges here.

So you will just disregard that evidence and you consider only the evidence that has been admitted on the alleged transactions of January 7, 1976, and the alleged transaction of January 14, 1976. The defendant is not on trial for anything else other than those two alleged transactions.

So I am instructing you to be careful to not consider any information which came from other sources which is not made the subject of direct testimony and admission of evidence in this case.

Appellant's claim of error was renewed in its motion for new trial, which the District Court considered and rejected. We agree.

Prior to the adoption of the Federal Rules of Evidence, this Circuit applied a balancing test to assess the use of evidence of other crimes. Even if the evidence were admissible to show motive, intent, common plan or scheme, identity, or absence of mistake,[4] we held that such evidence would only be admissible if:

(1) An issue on which other crime evidence may be received is raised; (2) . . . the proffered evidence is relevant to that issue; (3) . . . the evidence is clear and convincing; and (4) . . . the probative worth outweighs the probable prejudicial impact.

*United States v. Clemons,* 503 F.2d 486, 489 (8th Cir. 1974).

Fed.R.Evid. 404(b)[5] now specifically authorizes admission of evidence of other crimes to show intent. Fed.R.Evid. 403 authorizes the District Court to exclude such evidence, even though relevant, "if its pro-

---

4.  *See, e. g., United States v. Conley,* 523 F.2d 650 (8th Cir. 1975), *cert. denied,* 424 U.S. 920, 96 S.Ct. 1125, 47 L.Ed.2d ·327 (1976); *United States v. Cochran,* 475 F.2d 1080 (8th Cir.), *cert. denied,* 414 U.S. 833, 94 S.Ct. 173, 38 L.Ed.2d 68 (1973).

5.  Fed.R.Evid. 404(b) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, oppor-

**46**

bative value is substantially outweighed by the danger of unfair prejudice . . . ." Whether the adoption of Rules 403 and 404(b) eliminates or minimizes the balancing test required in *Clemons* we need not decide.[6] The District Court sustained appellant's objection to the testimony and fully, promptly and carefully instructed the jury to disregard it. *See United States v. Scott,* 511 F.2d 15 (8th Cir.), *cert. denied,* 421 U.S. 1002, 95 S.Ct. 2403, 44 L.Ed.2d 670 (1975). The government played no active role and exercised no bad faith in eliciting this information from Agent Hockemeier. *See United States v. Splain,* 545 F.2d 1131 (8th Cir. 1976). In any event, the challenged testimony of prior criminal activity was merely cumulative to other testimony by Matula, the government informant. Matula's testimony is not challenged on this appeal. We are satisfied that the testimony, even if inadmissible, was harmless beyond reasonable doubt in light of its mere cumulative nature and the prompt and effective action of the District Court.

Affirmed.

tunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

**6.** The test in *United States v. Clemons,* 503 F.2d 486, 489 (8th Cir. 1974) was not expressly applied in *United States v. Moss,* 544 F.2d 954 (8th Cir. 1976) or in *United States v. Porter,* 544 F.2d 936 (8th Cir. 1976). *But cf. United States v. Jardan,* 552 F.2d 216 (8th Cir. 1977); *United States v. McMillan,* 535 F.2d 1035 (8th Cir. 1976); *see United States v. Bledsoe,* 531 F.2d 888 (8th Cir. 1976); 1 Fed.R.Evid.News 47, June, 1976.