UNITED STATES of America, Appellee,

v.

Carl TAYLOR, Appellant.

No. 79–1202.

United States Court of Appeals, Eighth Circuit.

Submitted June 11, 1979.

Decided Aug. 7, 1979.

Rehearing Denied Sept. 5, 1979.

Alfredo G. Parrish, Des Moines, Iowa, on brief for appellant.

Roxanne Barton Conlin, U. S. Atty., Des Moines, Iowa, John O. Martin, Special Asst. U. S. Atty., Kansas City, Kan., and Amanda M. Dorr, Asst. U. S. Atty., Des Moines, Iowa, on brief for appellee.

Before GIBSON, Chief Judge, ROSS and HENLEY, Circuit Judges.

ROSS, Circuit Judge.

Carl Taylor appeals from his conviction for conspiracy to possess heroin with intent to distribute in violation of 21 U.S.C. § 846.

On September 5, 1978, a federal grand jury charged Taylor with one count of con-

spiracy to distribute heroin in violation of 21 U.S.C. § 846 and three counts of possession of heroin with intent to distribute in violation of 21 U.S.C. § 841(a)(1). The three substantive counts were later dismissed by the government. He was found guilty of conspiracy and was sentenced to three years imprisonment to be followed by a three year special parole term. Two years earlier, Taylor had pled guilty to one count of delivery of narcotics in state court.

On appeal, Taylor contends that the district court[1] erred in denying his motions to dismiss the indictment on grounds of double jeopardy and preindictment delay, and in denying his motion for a mistrial as the result of a comment by a witness disclosing defendant's prior criminal activity. We affirm.

## I. Double Jeopardy

■ Taylor first alleges that the double jeopardy clause of the fifth amendment prohibited the federal prosecution because it was based, in part, on circumstances leading to his prior state conviction. However, under the double jeopardy clause, a federal prosecution is not barred by a prior state prosecution for offenses arising out of the same conduct. *Abbate v. United States,* 359 U.S. 187, 196, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959). The principle of dual sovereignty recognizes that the same act may constitute separate and distinct offenses against the state and federal governments, punishable by both. *United States v. Wheeler,* 435 U.S. 313, 317, 98 S.Ct. 1079, 55 L.Ed.2d 303 (1978); *Rinaldi v. United States,* 434 U.S. 22, 28, 98 S.Ct. 81, 54 L.Ed.2d 207 (1977); *Bartkus v. Illinois,* 359 U.S. 121, 132, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959); *Abbate v. United States, supra,* 359 U.S. at 194, 79

S.Ct. 666; *United States v. Lanza,* 260 U.S. 377, 382, 43 S.Ct. 141, 67 L.Ed. 314 (1922); *United States v. Wallace,* 578 F.2d 735, 739 (8th Cir. 1978), *cert. denied,* 439 U.S. 898, 99 S.Ct. 263, 58 L.Ed.2d 246 (1979).

Taylor argues that the dual sovereignty doctrine has been eroded and urges that it be discarded. This court rejected a similar argument[2] in *Turley v. Wyrick,* 554 F.2d 840, 842 (8th Cir. 1977), *cert. denied,* 434 U.S. 1033, 98 S.Ct. 765, 54 L.Ed.2d 780 (1978), once again reaffirming the doctrine's sound basis. Appellant has advanced no sufficient or logical reason for us now to reject the doctrine as invalid.

■ Taylor's double jeopardy argument is without merit for another reason. He has not been twice prosecuted for the "same offense." An unlawful act and the conspiracy to commit such an act are distinct and separate crimes which do not merge into a single punishable offense. *Iannelli v. United States,* 420 U.S. 770, 777, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975).

Taylor pled guilty to the state offense of delivery of narcotics but under federal law was charged with conspiracy to distribute heroin or to possess heroin with intent to distribute. Appellant was therefore prosecuted for "separate offenses" requiring proof of different facts. *Brown v. Ohio,* 432 U.S. 161, 166, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

## II. Preindictment Delay

Taylor next alleges that the district court erred in denying his motions to dismiss for preindictment delay. The charge against Taylor alleged his membership in a heroin

---

1. All pretrial proceedings in this prosecution were presented to and ruled on by the district court, the Honorable William C. Hanson, Senior Judge, presiding. This case was tried before the Honorable Donald E. O'Brien, Judge, United States District Court for the Southern District of Iowa.

2. Indeed, Taylor's theory of erosion of the law of *Bartkus v. Illinois,* 359 U.S. 121, 129, 79 S.Ct. 676 (1959), and *Abbate v. United States,* 359 U.S. 187, 196, 79 S.Ct. 666 (1959), and his reliance on the cases of *Benton v. Maryland,*

395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), *Elkins v. United States,* 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669 (1960), and *Murphy v. Waterfront Comm'n,* 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed.2d 678 (1964), mirror precisely the petitioner's contentions in *Turley v. Wyrick,* 554 F.2d 840 (8th Cir. 1977), *cert. denied,* 434 U.S. 1033, 98 S.Ct. 765, 54 L.Ed.2d 780 (1978). We held there that "nothing in those cases * * * indicates that the Supreme Court no longer adheres to the dual sovereignty doctrine." *Id.* at 841.

distribution conspiracy which was in existence from January 1975 until the indictments were returned in September 1978. Because evidence of Taylor's membership in the conspiracy focused on his activities from 1975 to 1977, and the indictment against him was not returned until 1978, Taylor claims a prejudicial preindictment delay of approximately one year.

A defendant is entitled to dismissal of an indictment where he shows *actual* prejudice from an *unreasonable* delay on the part of the government. *United States v. Lovasco*, 431 U.S. 783, 789–90, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977); *United States v. Stacey*, 571 F.2d 440, 443 (8th Cir. 1978). Where actual prejudice is established, the reasons for the delay are balanced against the prejudice shown by the accused. *United States v. Lovasco, supra*, 431 U.S. at 790, 97 S.Ct. 2044; *United States v. Tempesta*, 587 F.2d 931, 933 (8th Cir. 1978).

Taylor specifically alleges prejudice on the grounds that: (1) government witnesses' memories faded; (2) a criminal investigative report provided to federal investigators by state officials created a "working relationship" between the state and federal government which was designed to gain a tactical advantage over Taylor and harass him; and (3) the delay was unreasonable and unnecessary. He also urges that the district court erred by refusing to grant him an evidentiary hearing on his motions to dismiss.

■ A careful review of the record convinces us that Taylor did not demonstrate any actual prejudice from preindictment delay. The possibility that memories will dim is not in itself sufficient to demonstrate prejudice justifying a dismissal of the indictment. *United States v. Marion*, 404 U.S. 307, 326, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). Nor was the mere sharing of lawfully acquired information between the two sovereigns prejudicial. *United States v. Johnson*, 540 F.2d 954, 960–61 (8th Cir.), cert. denied, 429 U.S. 1025, 97 S.Ct. 647, 50 L.Ed.2d 628 (1976).

■ Appellant's bare assertions of unreasonable and unnecessary delay are also insufficient to establish actual prejudice. The government asserted that the delay, if any, was necessary to develop the evidence and to identify others in this complicated, three-year conspiracy involving some 34 members. Investigative delay, unlike delay undertaken by the government to gain tactical advantage over the defendant, has consistently been held reasonable and in accordance with due process. *United States v. Lovasco, supra*, 431 U.S. at 796, 97 S.Ct. 2044; *United States v. Hood*, 593 F.2d 293, 296 (8th Cir. 1979). We affirm the district court's finding that the government's reasons for the delay were reasonable and in good faith. We conclude that the government acted properly by completing its investigation of the entire drug conspiracy before indicting Taylor as a member of the conspiracy.

■ We also reject appellant's allegations of prejudicial error on the grounds that he was denied an evidentiary hearing. Taylor raised his contentions of preindictment delay twice by written motion[3] to dismiss prior to trial. He renewed his motion during the trial both prior to and at the close of all the evidence. He also reargued the issue in his motion for a new trial. Thus, Taylor was given ample opportunity to substantiate and argue his claims of deprivation of due process.

### III. Mistrial

■ Appellant's final contention is that the district court erred in denying his motion for a mistrial after a government witness stated that he had purchased heroin from the defendant "over a period of years from '72 through '76." We do not consider this isolated remark sufficiently prejudicial to warrant reversal.

The district court struck the testimony upon defendant's objection and admonished the jury to disregard "any matters that [defendant] was involved in in 1972." Jury instructions were also given to disregard any evidence stricken by the court.

Appellant contends that these measures were inadequate to overcome the prejudi-

---

3. The second motion to dismiss included a request for a hearing.

cial effect of the testimony because the court did not request that the jury specifically disregard testimony relating to crimes occurring after 1972 but prior to the date in 1975 when the conspiracy allegedly began. We disagree.

The district court "has broad discretion in determining whether claimed improper prejudicial testimony has so tainted the trial as to require a mistrial." *United States v. Maestas,* 554 F.2d 834, 839 (8th Cir.), *cert. denied,* 431 U.S. 972, 97 S.Ct. 2936, 53 L.Ed.2d 1070 (1977). In the instant case, the district court properly exercised that discretion. Its admonition to the jury to disregard testimony by the witness relating to prior criminal activity by the defendant, when coupled with its cautionary instructions to disregard evidence stricken by the court, was sufficient to cure any error which may have arisen from the introduction of the evidence, especially in view of the strength of the government's case.[4] *See United States v. Aaron,* 553 F.2d 43 (8th Cir. 1977).

The judgment of conviction is affirmed.

4. When, as in this case, testimony is merely cumulative in establishing the government's case, it may be considered "harmless beyond reasonable doubt in light of its mere cumulative nature and the prompt and effective action of the District Court." *United States v. Aaron,* 553 F.2d 43, 46 (8th Cir. 1977).