UNITED STATES of America, Appellee,

v.

Ronald C. ROGERS, Appellant.

No. 80–1444.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 12, 1980.
Decided Jan. 30, 1981.

Thomas E. Osterholt, Jr., St. Louis, Mo., for appellant.

Evelyn M. Baker, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before HENLEY and McMILLIAN, Circuit Judges, and BECKER, District Judge.*

HENLEY, Circuit Judge.

Appellant, Ronald C. Rogers, was convicted on two counts of selling cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).[1] On appeal Rogers contends that the district court[2] erred in (1) denying his motion for a directed verdict of acquittal on the ground that the evidence was insufficient to support a conviction; (2) denying his motion for a directed verdict of acquittal on the ground that the evidence established entrapment as a matter of law; (3) failing to dismiss the indictment because the trial was not timely under the sixth amendment and the Speedy Trial Act; and (4) failing to dismiss the indictment because the delay between the time of the alleged offenses and the date of arrest amounted to a denial of due process in violation of the fifth amendment. We affirm.

The indictment of Rogers resulted from two sales of cocaine to Agent Shurn, an undercover agent of the Drug Enforcement Administration. Shurn was introduced to appellant Ronald C. Rogers (a/k/a "Shorty") by one Carol Boyd (a/k/a "Wild Child"), a paid informer for the DEA.

On or about July 2, 1979 Shurn met with Rogers to attempt to arrange a drug purchase. However, no transaction was consummated at that time because Agent Shurn refused to agree to "front the money" for the purchase.

Boyd arranged another meeting between Shurn and Rogers on July 9, 1979. At that time Shurn purchased from the appellant a quantity of cocaine for $500.00. Again on July 18, 1979 Shurn met with Rogers and purchased cocaine for $500.00.

Rogers was arrested on March 6, 1980, indicted by the grand jury on March 13, 1980, and entered a plea of not guilty on March 17, 1980. The trial began on May 5, 1980; the jury brought in verdicts of guilty on both counts of the indictment on May 6, 1980.

Appellant first makes an unspecified argument that the evidence was insufficient to support the jury's guilty verdict. Although it is possible that the jury might have reached the opposite conclusion on appellant's entrapment defense[3] and consequently acquitted him, it cannot be said that, viewing the evidence in the light most favorable to the government, there is not substantial evidence to support the verdict. Thus, the trial court was correct to deny the motion for directed verdict of acquittal. *United States v. Nelson,* 603 F.2d 42, 48 (8th Cir. 1979); *United States v. Hemphill,* 544 F.2d 341, 344 (8th Cir. 1976), *cert. denied,* 430 U.S. 967, 97 S.Ct. 1648, 52 L.Ed.2d 358 (1977).

Rogers also maintains that the evidence established entrapment as a matter of law. He argues (1) that Carol Boyd "chose appellant because of a personal ven-

---

* The Honorable William H. Becker, United States Senior District Judge, Western District of Missouri, sitting by designation.

1. Rogers was sentenced to ten years imprisonment and a three year special parole term on each count, the sentences to run consecutively.

2. The Honorable H. Kenneth Wangelin, Chief Judge, United States District Court for the Eastern District of Missouri.

3. Appellant conceded for purposes of the trial that he made the sales in question and relied solely on a defense of entrapment.

detta against him," (2) that he had no predisposition to commit an offense as indicated by his alleged initial refusals to Boyd's overtures, and (3) that Boyd, on instructions from Shurn, continued to solicit appellant to break the law, *inter alia*, by preying upon his sympathy for Boyd and her family.

As this court indicated in *Cross v. United States*, 347 F.2d 327, 331 (8th Cir. 1965):

The determinative question in every criminal action where the defense of entrapment is made, usually is one of fact, *i. e.*, did the criminal intent essential to proof of guilt of the charge made, originate with the officer or with the accused; that is, did the officer merely create an opportunity for the commission of a crime already born in a criminal mind, or did he implant the seeds of a crime where none such existed before?

*Accord United States v. Quinn*, 543 F.2d 640, 647 (8th Cir. 1976).

■■■ Thus, whether the evidence established unlawful entrapment was a question of fact for the jury. As noted above, the jury might have reached a different conclusion, but the decision it did reach is supported by the evidence. There is, for instance, Agent Shurn's testimony that at their first meeting appellant Rogers was willing to sell cocaine if Shurn would "front the money." The jury was also free to draw its own inferences from Carol Boyd's testimony at trial *on behalf* of Rogers.

■■■ Defendant also contends that he was denied his right to a speedy trial because of delay between commission of the offenses charged and his ultimate arrest and indictment. This claim is without merit. The sixth amendment right to a speedy trial does not attach until a criminal suspect becomes an accused by his arrest or indictment. *United States v. Matlock*, 558 F.2d 1328, 1329–30 (8th Cir.), *cert. denied*, 434 U.S. 872, 98 S.Ct. 218, 54 L.Ed.2d 152 (1977); *United States v. Jackson*, 504 F.2d 337 (8th Cir. 1974), *cert. denied*, 420 U.S. 964, 95 S.Ct. 1356, 43 L.Ed.2d 442 (1975). Prearrest delay does not raise a sixth amendment issue.

■ In this case defendant's right to a speedy trial began to run at his arrest on March 6, 1980. The trial began on May 5, 1980. This is well within the mandate of the sixth amendment and does not infringe the provisions of the Speedy Trial Act. 18 U.S.C. §§ 3161–3174. Here the trial began less than seventy days after March 17, 1980 when defendant appeared to plead not guilty. Thus, § 3161(c)(1) is satisfied.

■ The final issue presented by this appeal is whether defendant's right to due process was violated by the delay of approximately eight months between the cocaine sales to Agent Shurn in July, 1979 and Rogers' arrest in March, 1980. *See United States v. Marion*, 404 U.S. 307, 324–26, 92 S.Ct. 455, 465, 30 L.Ed.2d 468 (1971). An indictment may be dismissed for preindictment delay if it appears that the delay was unreasonable and that it was prejudicial to the defendant in the presentation of his case. *United States v. Lovasco*, 431 U.S. 783, 789–90, 97 S.Ct. 2044, 2048, 52 L.Ed.2d 752 (1977); *United States v. Taylor*, 603 F.2d 732, 735 (8th Cir.), *cert. denied*, 444 U.S. 982, 100 S.Ct. 487, 62 L.Ed.2d 487 (1979); *United States v. Partyka*, 561 F.2d 118, 122–23 (8th Cir. 1977), *cert. denied*, 434 U.S. 1037, 98 S.Ct. 773, 54 L.Ed. 785 (1978).

At trial the government explained that informer Boyd was involved in an ongoing investigation with the DEA. The government delayed filing charges against Rogers in order to protect the effectiveness of Boyd while she was actively providing them with information and setting up other drug sales. Numerous other individuals were ultimately indicted. *See, e. g., United States v. Jones*, 636 F.2d 1225 (8th Cir. 1980).

■ The delay in the instant case and the explanation proffered are similar to those considered by this court in *United States v. Partyka*, 561 F.2d 118. There a preindictment delay of approximately one year was held reasonable where the government wished to protect its informer from harm. Here the government delayed for eight

months because it wished to protect the effectiveness of its informer for use in other cases. Since the appellant has failed to produce any evidence at all that the government delayed in order to obtain a tactical advantage, we cannot find this delay unreasonable. *Cf. United States v. Matlock,* 558 F.2d at 1330.

 In addition, Rogers has failed to demonstrate any actual prejudice from the preindictment delay. The only prejudice asserted is that appellant Rogers did not testify at trial because he was unable to recall the relevant events. However, the mere possibility that memories may dim is not in itself sufficient to demonstrate prejudice justifying a dismissal of the indictment. *United States v. Marion,* 404 U.S. 307, 325–26, 92 S.Ct. 455, 465–66, 30 L.Ed.2d 468 (1971); *United States v. Taylor,* 603 F.2d at 735. In sum, there is no evidence of unreasonable delay resulting in actual prejudice to Rogers.

Having carefully reviewed all claims raised by appellant and finding them without merit, we affirm the judgment of the district court.