UNITED STATES of America, Appellee,

v.

Tyrone JOHNSON, Appellant.

No. 80–2135.

United States Court of Appeals,
Eighth Circuit.

Submitted May 20, 1981.

Decided May 29, 1981.

J. Mark Kell, St. Louis, Mo., for appellant.

Robert D. Kingsland, U. S. Atty., and Richard L. Poehling, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before LAY, Chief Judge, ROSS and ARNOLD, Circuit Judges.

ROSS, Circuit Judge.

Tyrone Johnson appeals his conviction for conspiracy to distribute and for the distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846, and 18 U.S.C. § 2.[1] We affirm.

---

1. Johnson was found guilty by the Honorable William L. Hungate, United States District Judge for the Eastern District of Missouri, sitting without a jury. He was sentenced to 5 years imprisonment on Counts I and II, to be served concurrently, followed by a special parole term of 3 years. He was sentenced to 10 years imprisonment on Count III, the execution of which was suspended.

On July 11, 1980, Carroll Edwards introduced Drug Enforcement Agent Larry Wells to Tyrone Johnson for the purpose of buying cocaine. Edwards, the subject of a prior narcotics investigation, had agreed to cooperate with the government in exchange for a promise to make his cooperation known to the United States Attorney's office.

Johnson sold Wells 1, 2 and 6 ounces of cocaine on July 11, August 26, and September 8, 1980, respectively.[2] During the course of the final sale, Wells observed Melvin Owens, Johnson's source of supply and coconspirator. Wells then arrested Johnson.

After being advised of his rights, Johnson made a written statement acknowledging the distribution of cocaine on August 26 and September 8, 1980. Johnson had ingested cocaine approximately two hours earlier, but Wells testified that Johnson was cooperative, level-headed, and capable of understanding what he was saying at the time of his confession.

At trial, Edwards testified that the government offered him nothing in exchange for his cooperation in this case. However, the United States Attorney disclosed to Judge Hungate and to defense counsel during the course of the trial that Edwards was advised that his cooperation with the government would be conveyed to the United States Attorney's office.

■ Appellant contends that his conviction was based on perjured testimony and as such, *Mesarosh v. United States*, 352 U.S. 1, 9, 77 S.Ct. 1, 5, 1 L.Ed.2d 1 (1956), it cannot stand. Due process is violated when the prosecutor, although not soliciting false evidence from a government witness, allows it to stand uncorrected when it appears. That the false testimony goes only to the credibility of the witness does not weaken this rule. *Giglio v. United States*, 405 U.S. 150, 153–54, 92 S.Ct. 763, 765–66, 31 L.Ed.2d 104 (1972); *Napue v. Illinois*, 360 U.S. 264, 269–70, 79 S.Ct. 1173, 1177, 3 L.Ed.2d 1217 (1959). A corollary of this rule requires the

prosecutor to correct false testimony of a government witness. That duty arises "when [the false evidence] appears." *Napue v. Illinois, supra*, 360 U.S. at 269, 79 S.Ct. at 1177.

■ In the instant case, that duty was clearly met. The government revealed the inaccurate nature of Edwards' statements to the court during the course of the trial and there was no jury. The false testimony, therefore, could not in "any reasonable likelihood have affected the judgment" of the court. *Napue v. Illinois, supra*, 360 U.S. at 271, 79 S.Ct. at 1178.

■ Moreover, we cannot say that the district court's refusal to suppress Edwards' allegedly perjured statements, as appellant contends, was reversible error.

"In the trial of cases to the court, without the intervention of the jury, much latitude is given to the admission of evidence, and unless it is clearly shown that the court excluded evidence which would ultimately affect, or which might cause the court to reach a different conclusion, the judgment of the trial court on the admission or exclusion of evidence should not be disturbed. *Jennings v. United States*, 5 Cir., 73 F.2d 470; *Maryland Casualty Company v. Reid*, 5 Cir., 76 F.2d 30. In the determination of the question of whether or not the trial court committed error in the admission or exclusion of evidence, appellate courts will look only to the question of whether or not there is manifest injustice."

*Skinner v. United States*, 326 F.2d 594, 597 (8th Cir. 1964), *quoting Thatenhorst v. United States*, 119 F.2d 567, 571 (10th Cir. 1941). The trial court's refusal to suppress these allegedly false statements in this case did not result in manifest injustice to the defendant. Nor can we say, considering the alleged perjury in the absence of governmental failure to disclose, that without the false testimony the judge "might have reached a different result." *United States v. Runge*, 593 F.2d 66, 74 (8th Cir.), *cert. denied*, 444 U.S. 859, 100 S.Ct. 123, 62 L.Ed.2d 80 (1979).

---

**2.** The latter two sales form the basis for the charges brought against Johnson.

Appellant asserts that developing Edwards' testimony regarding his relationship with the government was vital to establishing his entrapment defense. He contends that Edwards' evasive responses precluded him from establishing that defense and that the district court erred in refusing to instruct the witness to respond directly to the questions asked.[3]

This court reiterated the test for entrapment in *United States v. Rogers*, 639 F.2d 438, 440 (8th Cir. 1981) (citations omitted):

> The determinative question in every criminal action where the defense of entrapment is made, usually is one of fact, *i. e.*, did the criminal intent essential to proof of guilt of the charge made, originate with the officer or with the accused; that is, did the officer merely create an opportunity for the commission of a crime already born in a criminal mind, or did he implant the seeds of a crime where none such existed before? * * *
>
> Thus, whether the evidence established unlawful entrapment was a question of fact * * *.

In *Rogers*, an undercover agent testified that after their first meeting, the defendant was willing to sell cocaine if the agent would "front the money." The court held this evidence sufficient, despite an entrapment defense, to sustain a conviction for the sale of cocaine.

Similarly, in this case Larry Wells' testimony that Johnson initiated both drug sales for which defendant was charged was uncontradicted. Viewing the evidence in a light most favorable to the government in this judge-tried case, *United States v. Londe*, 587 F.2d 18, 20 (8th Cir. 1978), *cert. denied*, 439 U.S. 1130, 99 S.Ct. 1050, 59 L.Ed.2d 92 (1979), we hold that the court's factual findings are not clearly erroneous.

Finally, Johnson objects to the admission of his confession. Johnson contends that his confession was coerced because it was given while his intellect was "crippled but not critically impaired" as a result of being under the influence of drugs. The admissibility of confessions is governed by *Townsend v. Sain*, 372 U.S. 293, 307, 83 S.Ct. 745, 754, 9 L.Ed.2d 770 (1963) (footnotes omitted):

> If an individual's "will was overborne" or if his confession was not "the product of a rational intellect and a free will," his confession is inadmissible because coerced.

This court upheld the admission of statements made by an intoxicated defendant in *United States v. Mears*, 614 F.2d 1175, 1178–79 (8th Cir. 1980), emphasizing the questionable extent to which defendant was in fact intoxicated and the fact that *Miranda* warnings were repeatedly given. The court concluded that the "totality of the circumstances" indicated that defendant's statements were a product of "a rational intellect and a free will." Of importance to the court was the "overwhelming, properly admitted" evidence of the defendant's guilt so that error, if any, was considered harmless. As in *Mears*, we believe that the district court "apparently credited the agent['s] testimony," *id.* at 1178, that the confession was given voluntarily at a time when the defendant was not under the influence of drugs as he claimed. Given the "totality of the circumstances" in this case, we conclude that Johnson's statements were the product of "a rational intellect and a free will."

In concluding, we note that virtually all of the errors alleged on appeal go to matters of credibility for the trier of fact, and not for the reviewing court. *United States v. Sullivan*, 618 F.2d 1290, 1295 (8th Cir. 1980). For the reasons set forth above, we affirm the judgment of the district court.

---

**3.** We fail to perceive the harm done to Johnson's defense as a result of Edwards' evasive answer regarding his relationship with the government. Johnson asserts that he was unable to establish Edwards' capacity as the informant in this case, but nonetheless concedes that the testimony revealed that Edwards gave Wells Johnson's name. In other words, the testimony established that Edwards was the informant.