UNITED STATES of America, Appellee,

v.

Michael O. FARBER, Appellant.

No. 81–2232.

United States Court of Appeals, Eighth Circuit.

Submitted May 21, 1982.

Decided June 3, 1982.

Certiorari Denied Oct. 4, 1982.

See 103 S.Ct. 163.

Mark W. Bennett, Allen, Babich & Bennett, Des Moines, Iowa, for appellant.

Kermit B. Anderson, U. S. Atty., Des Moines, Iowa, for appellee.

Before BRIGHT, Circuit Judge, and GIBSON and STEPHENSON, Senior Circuit Judges.

PER CURIAM.

Defendant Michael Farber seeks to overturn his conviction for willful failure to file an income tax return for the year 1974, in violation of 26 U.S.C. § 7203. Farber was convicted by a jury following a two-day trial. The district court[1] sentenced Farber to imprisonment for a term of one year with the condition that he was "to be released as if on parole after service of one-third of such term."

■ On appeal, Farber raises three issues. First, he claims that the pre-indictment delay in this case violated due process. Approximately four years elapsed between the commission of the offense and the formal return of the indictment. Farber asserts that the delay severely prejudiced the presentation of his case. Specifically, Farber states that the delay prevented him from providing corroboration for his defense which was that he had attempted to obtain certain financial records from his employer and that he had relied upon counsel's advice. He notes that airline and telephone logs had been destroyed and that the memory of one witness had faded. *See United States v. Rogers*, 639 F.2d 438, 440 (8th Cir. 1981); *United States v. Mays*, 549 F.2d 670, 677 (9th Cir. 1977).

The defendant has a difficult burden to overcome. *See United States v. Taylor*, 603 F.2d 732, 735 (8th Cir.), *cert. denied*, 444 U.S. 982, 100 S.Ct. 487, 62 L.Ed.2d 487 (1979). "A defendant is entitled to dismissal of an indictment where he shows *actual*

---

1. The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa, presiding.

prejudice from an *unreasonable* delay on the part of the government. * * * Where actual prejudice is established, the reasons for the delay are balanced against the prejudice shown by the accused." *Id.* at 735 (emphasis in original). Also, we must be mindful that statutes of limitations, which provide predictable, legislatively enacted limits on prosecutorial delay, are the primary guarantee against bringing overly stale criminal charges. *United States v. Lovasco*, 431 U.S. 783, 788–89, 97 S.Ct. 2044, 2047–48, 52 L.Ed.2d 752 (1977).[2]

The district court concluded the alleged lost evidence concerned "a collateral issue, not the direct issue of guilt or innocence," and that any prejudice was speculative at best. *See United States v. Tempesta*, 587 F.2d 931, 932–34 (8th Cir. 1978), *cert. denied*, 441 U.S. 910, 99 S.Ct. 2005, 60 L.Ed.2d 380 (1979). The district court also determined that there was "not a calculated effort on the part of the government to delay this case to prejudice the defendant." The court noted that some of the delay was caused by the defendant's resistance to certain subpoenas. Otherwise, the process to charge the defendant proceeded in the normal manner.

Our examination of the record indicates that the district court's conclusions are fully supported by the evidence and applicable law.

■ The second issue raised by the defendant concerns a comment made by the prosecutor during closing argument. She referred to the defendant's 1974 1040 return as a "declaration of war" against the Internal Revenue Service. The defendant claims this statement was unduly prejudicial and denied Farber a fair trial. *See United States v. King*, 616 F.2d 1034, 1040–41 (8th Cir.), *cert. denied*, 446 U.S. 969, 100 S.Ct. 2950, 64 L.Ed.2d 829 (1980).

An examination of the return convinces us that the prosecutor's statement was a fair comment on the evidence. The 1974 return is nearly 300 pages in length. It includes copies of the United States Constitution, the Declaration of Independence, the Magna Carta and the Mayflower Compact. The return reports an income of $95.00 and provides no other financial information. On at least five different lines on the return Farber wrote, "Object, Fifth Amendment." In an accompanying letter, Farber asserts that Federal Reserve Notes "are unconstitutional and void as lawful money" and "can not be considered as taxable income." [3]

Closing arguments must be limited to the facts in evidence and reasonable inferences flowing therefrom. The comment complained of was not unreasonable in light of the nature of the return. It was well within the discretion of the district court to permit this statement. *See United States v. Ojala*, 544 F.2d 940, 946 (8th Cir. 1976).

■ The third issue raised by the appellant concerns the admission of three exhibits. Our examination of the record indicates the foundation for these exhibits was sufficient and that it was well within the district court's discretion to admit this evidence.

Affirmed.

2. The statute of limitations for this charge is six years. 26 U.S.C. § 6531.

3. *See United States v. Farber*, 630 F.2d 569, 571 n.2 (8th Cir. 1980), *cert. denied*, 449 U.S. 1127, 101 S.Ct. 946, 67 L.Ed.2d 114 (1981). This opinion affirmed Farber's earlier conviction concerning the same charge as in the case at bar. That earlier conviction was overturned in a habeas corpus proceeding, 28 U.S.C. § 2255, on the grounds of ineffective assistance of counsel.