UNITED STATES of America, Appellee,

v.

Marvin Lyle MAPLES, Sr., Appellant.

No. 84–1747.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 21, 1984.

Decided Feb. 14, 1985.

David M. Donovan, Little Rock, Ark., for appellant.

Robert L. Neighbors, Asst. U.S. Atty., Little Rock, Ark., for appellee.

Before McMILLIAN, JOHN R. GIBSON and BOWMAN, Circuit Judges.

PER CURIAM.

Marvin Lyle Maples, Sr., appeals from a final judgment entered in the District Court[1] for the Eastern District of Arkansas upon a jury verdict finding him guilty of attempted bank robbery, conspiracy to commit bank robbery and possession of an unregistered firearm (sawed-off shotgun) in violation of 18 U.S.C. §§ 2113(a), 371, and 26 U.S.C. §§ 5861(d), 5871. The district court sentenced appellant to a total of thirteen years imprisonment (ten years for attempted bank robbery, five years for conspiracy, to be served concurrently with the attempted bank robbery sentence, and three years for possession of an unregistered firearm, to be served consecutively to the attempted bank robbery sentence).

For reversal appellant argues that the district court erred in refusing to grant a mistrial following highly prejudicial statements made by one of the government's witnesses during direct examination and following certain remarks made by the government attorney during closing argument. For the reasons discussed below, we affirm the judgment of the district court.

On February 9, 1984, appellant was arrested with three other individuals after a high speed car chase following an unsuccessful bank robbery attempt. Appellant's ex-wife had provided local police with information about the attempted bank robbery and the police had the bank under surveillance. Following the arrests, the police recovered ski masks, gloves, a cannister of spray paint, two .410 sawed-off shotguns, and other items along the route taken by the getaway car and from the area near the stopped car. Some of the items had been thrown from the getaway car during the chase.

During the trial appellant's ex-wife testified on behalf of the government about appellant's plans and preparation to rob the bank. On direct examination the government attorney asked her to identify the two shotguns found along the route of the car chase. She testified that she was not sure that the shotguns were the ones that appellant had obtained for the bank robbery, but that she had seen appellant with two shotguns shortly before the date of the attempted bank robbery, and that she thought she recognized one of the shotguns in evidence as one of the shotguns she had seen before. The government attorney then asked her when she had seen appellant with the two shotguns. She answered that she had seen appellant with the shotguns on the night of February 4, just five days before the attempted bank robbery. The government attorney then asked her whether "anything particular happen[ed] the night of the 4th?" She then answered, "Yes, sir. He [referring to appellant] was going to kill me." The government attorney then asked the witness to "tell us what happened." The witness explained that appellant had sought a reconciliation, that they were supposed to go dancing, but instead appellant drove her into the mountains and threatened to kill her and then kill himself with the shotguns. At this point defense counsel objected on the grounds of relevance and prejudice. The district court overruled the objection. The government attorney then sought further information about appellant's handling of the shotguns on the night of February 4. The witness testified that appellant showed her the shotguns and again testified that he had threatened to kill them both with the shotguns. Defense counsel then

---

1. The Honorable George Howard, Jr., United States District Judge for the Eastern and Western Districts of Arkansas.

moved for a mistrial. The district court denied the motion for mistrial but instructed the jury to disregard the witness's testimony about appellant's threats to kill her and himself.

■ "[T]he decision whether a trial has been so tainted by prejudicial testimony that a mistrial should be declared lies within the discretion of the district court." *United States v. Reed,* 724 F.2d 677, 679–80 (8th Cir.1984); *see United States v. Taylor,* 603 F.2d 732, 736 (8th Cir.), *cert. denied,* 444 U.S. 982, 100 S.Ct. 487, 62 L.Ed.2d 410 (1979). This is a deferential standard of review; we find no abuse of discretion in the district court's refusal to grant the motion for mistrial. The district court promptly ordered the objectionable testimony about the threats stricken from the record and admonished the jury to disregard it. There is also relatively strong evidence in the record to support each of appellant's convictions.

However, we would caution the government attorney against pursuing this type of questioning in the future. The witness's first reference to appellant's threat to kill her was made in the context of an unresponsive answer; the government attorney then improperly exploited this unresponsive answer by inviting the witness to expand her answer and explain the circumstances. Although defense counsel failed to immediately object, the somewhat late objection does not excuse the government's improper and unnecessary followup questioning. Appellant was charged with unlawful possession of the unregistered sawed-off shotgun on or about February 9, 1984, in connection with the attempted bank robbery, not on an earlier date in connection with the threats against his ex-wife. The probative value of the testimony about the threats was clearly outweighed by its prejudicial impact. Appellant's coconspirators testified on behalf of the government about appellant's possession of the shotguns and there was evidence that the shotguns had been thrown from the getaway car during the car chase.

■ Appellant also argues that the government attorney improperly referred to the possible violent uses for a sawed-off shotgun.[2] Appellant did not object to this reference in the government's closing argument and raises it for the first time on appeal. Appellant now argues that the reference to personal violence in the government attorney's closing argument denied him a fair trial and that the district court erred in not granting a mistrial. We find no plain error. We note, however, that this type of inflammatory remark has little probative value in a trial for unlawful possession of an unregistered firearm, *cf. United States v. Auerbach,* 682 F.2d 735, 739–40 (8th Cir.) (reference to Congressional purpose in passing the Safe Streets Act), *cert. denied,* 459 U.S. 911, 103 S.Ct. 219, 74 L.Ed.2d 174 (1982); *United States v. Norton,* 639 F.2d 427, 429 (8th Cir.1981) (reference to Congressional purpose in passing the Gun Control Act), or in appellant's trial for attempted armed bank robbery, given the evidence establishing that the bank robbery was to have been accomplished with the use of the shotguns.

Accordingly, the judgment of the district court is affirmed.

---

2. The government attorney stated in closing argument that:
>    Putting these things [referring to the sawed-off shotguns] in a car and taking them down there constituted another substantial step toward the commission of a crime. No reason on earth to have these things unless you're going to do something wrong with them. You don't go bird hunting or rabbit hunting or anything else. Only thing something like this would be used for, that I know of, is to shoot people. Shoot them or scare them to death so they'll do what you want.