UNITED STATES of America,
Appellee,

v.

Cyrus LEWIS, Appellant.

No. 19416.

United States Court of Appeals,
Eighth Circuit.

March 17, 1970.

Rehearing Denied May 7, 1970.

458

Douglas W. Thomson, St. Paul, Minn., for appellant.

Neal J. Shapiro, Asst. U. S. Atty., Minneapolis, Minn., for appellee; Patrick J. Foley, U. S. Atty., on the brief.

Before VOGEL, MATTHES and BRIGHT, Circuit Judges.

BRIGHT, Circuit Judge.

Cyrus Lewis appeals from a judgment convicting him of selling narcotics in violation of 26 U.S.C. § 4704(a), which requires such sales to be made in or from an "original stamped package", and 26 U.S.C. § 4705(a), which requires that the seller obtain a written order from the purchaser on a government-approved form. Lewis here contends that the trial court erred in two respects: (1) in admitting evidence of and allowing the prosecutor to comment upon Lewis' frequent participation in narcotics law violations other than those charged in the indictment, and (2) in refusing to grant a mistrial because of misconduct on the part of the prosecuting attorney during his opening statement and rebuttal argument.

Our examination of the record in this case convinces us that in the particulars alleged by Lewis, the trial court committed no error which requires a new trial. Accordingly, we affirm.

We briefly recite the procedural and evidentiary facts as background. The grand jury indicted Lewis on four counts of narcotics law violations. The first two counts related to an alleged sale of narcotic tablets (Dilaudid hydrochloride —an opium derivative) to Jerome Fitzgerald, an admitted former narcotics addict turned government informer, on April 14, 1967, in St. Paul, Minnesota. Counts three and four referred to an alleged sale of similar narcotic tablets to Fitzgerald in the presence of Edgar Muhlhauser, a government narcotics agent, in St. Paul on April 17, 1967. The government's case, aside from chemical identification of the tablets, basically rested on testimony of informer Fitzgerald and agent Muhlhauser. However, Muhlhauser testified that he was not present at the consummation of the earlier alleged sale. The jury acquitted Lewis on the counts relating to the April 14 transaction and convicted him on the counts relating to the events of April 17.

In his opening statement at Lewis' trial, the prosecutor related that prior to April 14, 1967, Lewis had offered to sell and had actually sold narcotics to informer Fitzgerald on frequent occasions. Further, he commented that the grand jury based its indictment of Lewis on the evidence he had summarized for the jury in his opening statement. In rebuttal argument, the prosecutor applied the appellation "junk pusher" to the accused. Lewis' counsel unsuccessfully moved for a mistrial during the prosecutor's opening and closing statements.

During the trial, Fitzgerald testified that during a three-year period prior to 1967, he had purchased narcotics on various occasions from Lewis at the latter's home in St. Paul.

EVIDENCE OF PRIOR CONDUCT

Though the appellant voiced objection to the prosecutor's allusion to Lewis' earlier sales of narcotics to Fitzgerald by moving for mistrial at the close of the

opening statement, no further objection was made to the introduction of evidence relating to these prior transactions nor to the trial court's specific instruction to the jury that such evidence bore only upon intent or state of mind but did not constitute proof of defendant's guilt. Despite defendant's failure to press further objection, we have canvassed the record on this appeal to determine the admissibility of this evidence.

▇ Evidence of prior conduct which may constitute a separate crime is admissible and relevant to (1) motive, (2) intent, (3) the absence of mistake or accident, (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one stands to establish the other, and (5) the identity of the person charged with the commission of the crime on trial. Love v. United States, 386 F.2d 260, 266 (8th Cir. 1967), cert. denied, 390 U.S. 985, 88 S.Ct. 1111, 19 L.Ed.2d 1286 (1968); Drew v. United States, 118 U.S.App.D.C. 11, 331 F.2d 85, 90 (1964). See Von Feldt v. United States, 407 F.2d 95, 101 (8th Cir. 1969) and cases cited therein.

▇ In prosecutions for violation of narcotics laws, the defendant's complicity in other similar narcotics transactions may serve to establish intent or motive to commit the crime charged. Robinson v. United States, 366 F.2d 575 (10th Cir. 1966), cert. denied, 385 U.S. 1009, 87 S. Ct. 717, 17 L.Ed.2d 547 (1967); Medrano v. United States, 285 F.2d 23 (9th Cir. 1960), cert. denied, 366 U.S. 968, 81 S.Ct. 1931, 6 L.Ed.2d 1258 (1961).

▇ In the instant case, Fitzgerald's testimony that he had frequently purchased narcotic drugs from Lewis served to substantiate Lewis' identification as the person making the sale specified in the indictment and bore affirmatively on the question of whether defendant knew that he was selling tablets containing narcotic drugs to Fitzgerald at the times specified in the indictment. The questioned evidence was properly admitted for such limited purpose.

▇▇ Whether the probative value of such evidence outweighs its potential for prejudice to the defendant generally addresses itself to the discretion of the trial judge. See Wakaksan v. United States, 367 F.2d 639, 645 (8th Cir. 1966), cert. denied, 386 U.S. 994, 87 S.Ct. 1312, 18 L.Ed.2d 341 (1967). In addition to limiting the jury to consider such evidence as bearing on intent or purpose, Judge Devitt fairly cautioned that "[t]he mere fact that a person may have carried on conduct in the past, of course, is not proof of the fact that a person is guilty of a crime involving similar conduct in the future." We believe Judge Devitt acted within his discretion.

### PROSECUTOR'S REFERENCE TO EVIDENCE BEFORE GRAND JURY

Near the conclusion of his opening statement, the prosecutor injected this comment:

"Now, this is the evidence which was presented to the United States Grand Jury and upon which they based their four count indictment. This is the evidence which we will show to you through the witnesses that are going to be called to testify and this is the evidence upon which I will ask you to find this defendant guilty on all four counts of the indictment."

▇ In Weaver v. United States, 379 F.2d 799, 802 (8th Cir.), cert. denied, 389 U.S. 962, 88 S.Ct. 347, 19 L.Ed.2d 374 (1967), we recognized a similar statement referring to grand jury action to be improper. Such comment unfairly suggests that the petit jury should return a conviction because a grand jury returned an indictment on the selfsame evidence. We condemn this type of tactic by the prosecutor. However, in this case, we feel that the trial court took appropriate steps to avoid any prejudicial effect.

Initially, in examining the panel, Judge Devitt advised:

"The fact that the grand jury has returned this indictment or charge car-

ries no inference with it that the defendant is guilty of the crime. It is only a method by which the commission of the alleged crime is brought before a trial jury such as 12 of you are going to constitute."

Thereafter, at the conclusion of all of the testimony, he instructed:

"As I indicated to you before, an indictment is a formal statement in writing accusing a defendant of a crime. The indictment, and the fact of its return by a grand jury is not evidence of any kind against this defendant, and it does not create any presumption or permit any inference of guilt."

The usual criminal burden-of-proof and reasonable-doubt instructions were given. The jury, by its acquittal on two counts demonstrated its ability to separately weigh and discriminate between evidence directed to counts one and two and that directed to counts three and four. Such result suggests that the jury relied on the evidence presented to them during the trial and abided by the court's instruction that the fact of an indictment carried no weight.

We are satisfied from an examination of the entire record that these questioned comments by the prosecutor did not deprive defendant of a fair trial. See Weaver v. United States, *supra.*

## ALLEGED MISCONDUCT DURING FINAL ARGUMENT

██ The prosecutor's calling Lewis a "junk pusher", while perhaps unfortunate, did not require a mistrial. This statement was made in the heat of argument and, perhaps, in retaliation to a statement by Lewis' counsel that "[t]he entire case of the Government is nothing more than the monstrous offspring of a depraved mind in the guise of a paid government stoolpigeon by the name of Fitzgerald."

The term "junk" means narcotics and "pusher" means narcotics seller in the common vernacular of the illicit narcotics trade. Webster's International Dictionary 1227, 1848 (3d ed. 1967). Counsel are entitled to reasonable latitude in argument. Such isolated statements as the ones questioned on this appeal seldom affect the overall fairness of the trial. See United States v. Vigo, 413 F.2d 691, 694 (5th Cir. 1969); Aron v. United States, 382 F.2d 965, 975 (8th Cir. 1967); Nassif v. United States, 370 F.2d 147, 153 (8th Cir. 1966); Patterson v. United States, 361 F.2d 632, 636 (8th Cir. 1966).

We are satisfied that Lewis' claims of error, either singularly or cumulatively, fail to establish any proper ground for reversal.[1]

Affirmed.

1. Following submission of this case, we delayed our decision pending the Supreme Court's resolution of whether any infirmities exist in the narcotics statutes, 26 U.S.C. §§ 4704(a) and 4705(a), which might give rise to constitutional defenses similar to those defendant asserted in Leary v. United States, 395 U.S. 6, 89 S. Ct. 1532, 23 L.Ed.2d 57 (1969). In Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (Jan. 20, 1970) and Minor v. United States, 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283 (Nos. 189 and 271, Dec. 8, 1969), the Court refused to extend the rationale of *Leary* to the statutes applicable to the indictment in this case. See also United States v. Williams, 421 F.2d 529 (8th Cir., Feb. 9, 1970); United States v. Crockett, 421 F. 2d 649 (8th Cir., Feb. 6, 1970). These decisions have clarified that no issue of constitutional significance lurks in the background of this case. Cf. Baker v. United States, 412 F.2d 1010 (8th Cir. 1969); Miller v. United States, 412 F.2d 1008 (8th Cir. 1969); Becton v. United States, 412 F.2d 1005 (8th Cir. 1969).