**UNITED STATES of America,
Appellee,**

v.

**Thomas CLEMONS, Appellant.**

**No. 74–1147.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 11, 1974.

Decided Oct. 3, 1974.

Jack S. Nordby, St. Paul, Minn., for appellant.

Daniel Scott, Asst. U. S. Atty., Minneapolis, Minn., for appellee.

Before LAY, ROSS and WEBSTER, Circuit Judges.

LAY, Circuit Judge.

Thomas Clemons appeals his conviction on two counts: (1) possession of heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and (2) conspiracy in violation of 21 U.S.C. § 846. On appeal the defendant challenges the denial of his motion to suppress certain evidence, the admission into evidence of the defendant's arrest in a California drug investigation, the admission on the conspiracy count of phone conversations to which the defendant was not a party and the sufficiency of the evidence. We uphold the warrantless search and seizure, but find that the admission into evidence of defendant's arrest in California and related testimony constituted prejudicial error.[1] We reverse and remand for a new trial.

Upon receiving an informant's tip on April 18, 1973, federal narcotics agents observed the defendant Clemons arrive at the Minneapolis-St. Paul airport from Los Angeles, accompanied by a woman named Jackie Thomas, an alleged courier of drugs. About an hour later, Jackie Thomas called the informant, Cornelius Clark, telling him that they were waiting at the St. Paul Holiday Inn. The informant was thereafter searched by the agents, equipped with a transmitting device and sent to room 315 of the Holiday Inn for a prearranged purchase of some heroin. After the agents heard

---

1. In view of our holding we find it not necessary to pass on the other issues raised.

Clark's signal transmitted, indicating he had observed heroin, the agents went to the door and identified themselves. Jackie Thomas ran to the bathroom and attempted unsuccessfully to flush the heroin down the toilet. Upon receiving no response and hearing the toilet being flushed, the agents broke into the room. Both Thomas and Clemons were arrested and a grapefruit-sized package of heroin was seized from the bathroom waste basket.

■ The defendant urges that the warrantless search of the bathroom resulting in discovery of the heroin was unlawful. We must disagree.

The warrantless entry into the hotel room was not illegal. The officers clearly had probable cause to make the arrest. When the officers had adequate reason to believe that permission to enter had been denied, reasonable force to effect entry was permissible. *See* Stamps v. United States, 436 F.2d 1059, 1060 (9th Cir. 1971); *cf.* Sabbath v. United States, 391 U.S. 585, 588–589, 88 S.Ct. 1755, 20 L.Ed.2d 828 (1968). Whether the search took place moments before or after the arresting officer took the defendant into custody is not material here. The search was not necessary to establish probable cause for the arrest. *See* United States v. Skinner, 412 F.2d 98, 103 (8th Cir. 1969). Nor do we find the search violative of the *Chimel* rule.[2] The bathroom was immediately adjacent to where Thomas and Clemons were standing. The officers had every right to look inside it to see if other persons might be within. *See* United States v. Blake, 484 F.2d 50, 56–57 (8th Cir. 1973). The heroin was in plain sight. In fact, the officer observed that "it" was visible from the doorway of the bathroom. In any event we hold the seizure reasonable and lawful.

*The Subsequent Arrest*

At trial over objection, the government introduced evidence that Clemons was arrested for possession of narcotics in California on June 25, 1973, two months after his Minnesota arrest. The government called a deputy sheriff from California who testified that he had orders in June of 1973 to stop a certain Buick Riviera. Upon locating the car he arrested Clemons, who was the driver, and his three passengers. A warrant was then obtained, and a search of that car turned up 67 prophylactics of heroin (the heroin found in Minnesota was similarly packaged) concealed in the kick panel of the driver's door, as well as three ounces of cocaine inside the rear armrest. This testimony was supplemented by five photographs of the car, the secret kick panel compartment, and the drugs seized in California. These photographs were received as exhibits and shown to the jury. Cross-examination disclosed that Clemons did not own the car, that he was not named or described in either the sheriff's stop order or the search warrant, and that only James Earl Ray, a passenger and apparently the person who built the secret compartment, was ever charged with a crime arising from that incident. There was no evidence that Clemons knew that drugs were concealed within the structure of the car. No proof was offered that Ray or the other passengers were in any way connected with the Minnesota heroin sale for which Clemons was on trial.

The district judge attempted to minimize the prejudicial impact of this evidence. Before receiving it, he sent the jury out and heard argument on the question from counsel. Before the witnesses were called, he explained to the jury that Clemons was not being tried for the California incident and that the evidence was to be considered only "as it may relate to the defendant Clemons' state of mind or intent or knowledge and to show possible absence of mistake or accident." A similar cautionary instruction was included in the charge to the jury.

2. Chimel v. California, 395 U.S. 752, 762–763, 89 S.Ct. 2064, 23 L.Ed.2d 685 (1969).

■ The general rule is that evidence of other crimes by the accused, not charged in the indictment and not part of the same transaction or occurrence charged therein, is inadmissible. The defendant is to be convicted, if at all, on the evidence showing him to be guilty of the particular offense charged. To admit evidence of other crimes possibly committed by the defendant prejudices him before the jury. United States v. Crawford, 438 F.2d 441, 446–447 (8th Cir. 1971) ; Kempe v. United States, 151 F.2d 680, 687 (8th Cir. 1945).[3]

■ There are, however, some narrow exceptions to that general rule of exclusion. As we have often observed, where there is a genuine issue as to identity, motive, intent, preconceived plan, entrapment, or absence of mistake or accident, evidence of other crimes may be admissible if carefully limited to that issue. See, e. g., United States v. Lewis, 423 F.2d 457, 459 (8th Cir. 1970). Before any such evidence is admitted, however, it must be shown that (1) an issue on which other crime evidence may be received is raised; (2) that the proffered evidence is relevant to that issue; (3) that the evidence is clear and convincing; and (4) that the

probative worth outweighs the probable prejudicial impact.

■ Whether an issue has been raised for purposes of receiving evidence of other crimes depends upon both the elements of the offense charged [4] and the nature of the defense presented.[5] In the instant case, it was incumbent upon the government to show that the appellant possessed heroin knowingly and willfully with intent to distribute. 21 U.S.C. § 841(a)(1). Further, the defense in cross-examination tried to suggest that Clemons' part was due to inadvertence and mistake. We will assume, therefore, that knowledge and intent, issues on which other crime evidence may be admitted, were properly at issue.

To be used for this purpose, the criminal conduct must involve an offense similar in kind and reasonably close in time to the charge at trial. United States v. Lewis, supra; Von Feldt v. United States, 407 F.2d 95 (8th Cir. 1969) ; Love v. United States, 386 F.2d 260 (8th Cir. 1967) ; Wakakson v. United States, 367 F.2d 639 (8th Cir. 1966) ; 2 Wigmore, Evidence 200-201 (1940). Those requirements were satisfied here; Clemons' California arrest, like that in Minnesota, was for possession of so large a quantity of heroin that intent to

3. As Judge Walter H. Sanborn said in the early case of Paris v. United States, 260 F. 529, 531 (8th Cir. 1919) :

Such evidence tends to draw the attention of the jury away from a consideration of the real issues on trial, to fasten it upon other questions, and to lead them unconsciously to render their verdicts in accordance with their views on false issues rather than on the true issues on trial. Speaking of evidence of other similar offenses, the Circuit Court of Appeals of the First Circuit, in the case last cited (Fish v. United States, 215 F. 544, 545 L.R.A. 1915A, 809), well said : "Evidence of this character necessitates the trial of matters collateral to the main issue, is exceedingly prejudicial, is subject to being misused, and should be received, if at all, only in a plain case."

4. An example of admissibility depending upon the elements of the crime is when other

crime evidence is submitted on the issue of intent. While normally this would be permitted, see Von Feldt v. United States, 407 F.2d 95 (8th Cir. 1969), it is reversible error to so admit it when specific intent is not an element of the offense charged. See Hamilton v. United States, 409 F.2d 928 (5th Cir. 1969) ; United States v. Klass, 166 F.2d 373 (3d Cir. 1948) ; cf. Sears v. United States, 490 F.2d 150, 152 (8th Cir. 1974) ; United States v. Crawford, supra, 438 F.2d at 447 n. 14.

5. Where the defense suggests, either through cross-examination or in its case in chief, entrapment, Sherman v. United States, 356 U.S. 369, 375, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958) ; United States v. Brown, 453 F.2d 101 (8th Cir. 1971) ; procuring agent, United States v. Simons, 374 F.2d 993 (7th Cir. 1966) ; lack of intent or knowledge, accident, etc., then prior crime evidence may be admitted.

deliver could reasonably be inferred. Only two months separated the two events.

■ It is not enough, however, for the government to meet the tests of materiality and relevancy. Before evidence of other crimes is admissible, the trial judge must decide whether there exists sufficient evidence of other crimes, and further determine that the probative worth of the evidence outweighs the probable prejudicial effect.

■ We have held that evidence of other crimes cannot be admitted if it is "of vague and uncertain character." United States v. Spica, 413 F.2d 129, 131 (8th Cir. 1969); Kraft v. United States, 238 F.2d 794, 802 (8th Cir. 1956); Gart v. United States, 294 F. 66 (8th Cir. 1923). It is the rule in this circuit as well that other crime evidence must be "clear and convincing." *See, e. g.*, United States v. Spica, *supra*; Kraft v. United States, *supra*.

■ Where prior conduct is to be admitted to show knowledge and intent, the proof must be complete enough and the fact situation proved must clearly warrant a jury finding that that prior conduct was intentional or knowing. For example, we have approved the admission, in relation to similar offenses, of proof that the defendant had completed prior sales of narcotics, United States v. Lewis, *supra;* had passed numerous forged checks from the same series, United States v. Spica, *supra*; had previously assaulted a homicide victim, Wakakson v. United States, *supra*; or had solicited other high school girls for Mann Act violations, Neff v. United States, 105 F.2d 688 (8th Cir. 1939). Where the surrounding circumstances were adequately established, this was admissible because such conduct is relatively unlikely to be committed without knowledge or intent.

Where, however, the prior conduct proved has been equally consistent with an innocent explanation or is simply too incomplete, we have reversed. In Gart v. United States, *supra*, the defendant was charged with unlawful possession and sale of narcotics. At trial, proof was admitted that the defendant had previously been seen delivering a package to someone else on a Denver street. There was no testimony, however, as to the contents of that package. We reversed, finding that this was not clear and convincing proof of an offense "but merely proof of a suspicious circumstance." 294 F. at 67. The court likewise reversed a conviction for mail fraud where proof in the form of letters to the defendant from the *Minneapolis Tribune* was admitted on the issue of fraudulent intent. The letters accused the defendant of being "very dilatory" in delivering merchandise and refunds to customers answering his advertisement placed in that newspaper. We held it too prejudicial to require the defense to meet "mere accusations of some other offense." Kraft v. United States, *supra*. *Accord*, United States v. Broadway, 477 F.2d 991, 995 (5th Cir. 1973).

We think that the government failed to prove by clear and convincing evidence that Clemons did commit another similar offense. The evidence showed only that Clemons once drove another man's car in which a secret compartment containing drugs had been built in such a manner that it was apparently not visible even from inside the car. Uncontradicted evidence showed that James Earl Ray, not Clemons, had constructed the compartment. Since those facts are equally consistent with Clemons' mere innocent proximity to cleverly concealed drugs, they do not amount to clear and convincing proof of other similar criminal conduct, and it was error to admit that proof.[6]

---

6. The final requirement for admission of other crime evidence addresses itself primarily to the judgment of the trial court. The judge must determine whether the probative worth of such evidence outweighs its potential for prejudice. *See* United States v. Brown, 453 F.2d 101, 110–111 (8th Cir. 1972) (Bright, J., concurring); United States v. Lewis, *supra*, 423 F.2d at 459; Wakakson v. United States, *supra*, 367 F.2d

It is necessary to decide whether this error prejudiced the defendant. We find that it did. The danger of prejudice to the defendant due to admission of evidence of other crimes is always great. The possibility that the jury may convict for a crime not charged in the indictment or on the basis of guilt by association is heightened where, as here, prior crime evidence shows that the defendant's acquaintances dealt in drugs, even if proof is lacking that the defendant aided in or even knew of those activities. Judge Heaney recently noted:

> In today's society, possibly no act is more abhorred than the selling of narcotics. And nothing makes it more difficult for a defendant to receive a fair and unbiased trial than for the jury to think that the defendant or his acquaintances are men of bad character.

United States v. Crawford, *supra*, 438 F.2d at 446. *See also* Osborne v. United States, 351 F.2d 111, 117–118 (8th Cir. 1965).

Further, considerable time at the trial was devoted to serving up this incident, with extensive questioning of two witnesses as well as introduction of five photographs of the drugs seized in California.

Under these circumstances, we cannot say beyond a reasonable doubt that the erroneously admitted evidence did not influence the jury's verdict, so we reverse and remand for a new trial. This is not to say a different verdict will or should be reached. We simply cannot say beyond a reasonable doubt that the verdict would have been the same had evidence of the California arrest been excluded. *See* Kotteakos v. United States, 328 U.S. 750, 764–765, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946); United States v. Stabler, 490 F.2d 345, 349 (8th Cir. 1974.)

Reversed and remanded.

at 645. This problem, as Judge Bright recently noted, is not susceptible of mechanical solution. United States v. Brown, *supra*, 453 F.2d at 110. Instead it requires

. . . balancing, on the one side, the actual need for the other crimes-evidence in the light of the issues and the other evidence available to the prosecution, the convincingness of the evidence that the other crimes were committed, and that the accused was the actor, and the strength or weakness of the other crimes-evidence in supporting the issue, and on the other, the degree to which the jury will probably be roused by the evidence to over-mastering hostility. C. McCormick, Evidence 332 (1954).

Having determined that admission of the California arrest was error because not clear and convincing, we need not decide what would have been the proper balance here had that not been the case.