UNITED STATES of America, Appellee,

v.

Martin LINK, Appellant.

No. 83–2328.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 28, 1984.

Decided March 8, 1984.

Karl F. Lang, St. Louis, Mo., for appellant.

Thomas E. Dittmeier, U.S. Atty., Dean R. Hoag, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before ROSS, McMILLIAN and FAGG, Circuit Judges.

PER CURIAM.

Martin Link appeals from the judgment of conviction entered in the District Court[1] for the Eastern District of Missouri after a jury found him guilty of kidnapping, in violation of 18 U.S.C. § 1201, and transporting a woman in interstate commerce for immoral purposes, in violation of 18 U.S.C. § 2421. Link appeals only from the conviction for kidnapping. For reversal Link argues that the district court erred in admitting evidence of other bad acts. For the reasons discussed below, we affirm.

On March 16, 1983, shortly after 10:30 p.m., Belinda Simmons, age 15, left her brother's house in south St. Louis and started walking to her home ten blocks away. When Simmons reached the corner of Gra-

vois and Jefferson, a major intersection, Link pulled up in his automobile to the sidewalk where Simmons was walking, displayed a pocket knife, and told her to get into the car. She started to run away but fell. She then got up, walked back to the car and got in. Even though the driver of the car never got out, Simmons explained that she was afraid the driver would hurt her if she did not do as he said. Link drove her to Illinois, committed rape and sodomy, and drove away. A passerby picked up Simmons and took her to a police station in St. Louis. She identified Link from photographs shown to her by the police and later identified Link in a lineup. St. Louis police detectives arrested Link on March 21, 1983. After being advised of his *Miranda* rights, Link told the arresting officer: "It's me, but there was no weapon and there was no force."

At trial the government presented the testimony of Simmons regarding her abduction and rape. Defense counsel suggested through his cross-examination that Simmons voluntarily went with Link and consented to sexual intercourse with him. Because the government was required to show specific intent on the part of the defendant, *see* 18 U.S.C. § 1201; *United States v. Oliver*, 525 F.2d 731, 739 (8th Cir.1975), *cert. denied*, 424 U.S. 973, 96 S.Ct. 1477, 47 L.Ed.2d 743 (1976), the prosecution attempted to present the testimony of Cindy Schlereth, age 14, who had been attacked by Link nine months earlier, as evidence of other crimes to prove intent under Fed.R.Evid. 404(b). She would testify that Link had grabbed her in an alley, put a knife to her throat and forced her to disrobe. Link attempted to rape her and ultimately committed an act of sodomy.

When defense counsel objected to permitting Schlereth to testify, the district court conducted an in camera hearing to determine whether her testimony met the requirements for the admission of other

---

1. The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

crimes evidence set forth by this court in *United States v. Clemons*, 503 F.2d 486, 489 (8th Cir.1974). *Clemons* provided that before other crimes evidence could be admitted, it must first be shown that "(1) an issue on which other crimes evidence may be received is raised; (2) that the proffered evidence is relevant to that issue; (3) that the evidence is clear and convincing; and (4) that the probative worth outweighs the probable prejudicial impact." *Id.* The district court found that Schlereth's testimony met these requirements and permitted the jury to hear the testimony.

On appeal Link argues that the district court erred in admitting Schlereth's testimony for the following reasons: (1) the government had ample evidence to prove Link sexually assaulted Simmons without Schlereth's testimony; (2) the incident involving Schlereth was not similar to the attack on Simmons; and (3) the probative value of Schlereth's testimony was outweighed by the danger of unfair prejudice. Link argues that the sole reason the government introduced Schlereth's testimony was to show that he acted in conformity with prior bad acts in kidnapping and raping Simmons. Link maintains that the introduction of this testimony denied him a fair trial and due process.

We disagree. The government established the requisite foundation established in *Clemons* for the admission of other crimes evidence. Fed.R.Evid. 404(b) provides that evidence of other crimes is admissible to show intent. Link placed in issue his intent by attempting to establish during his cross-examination of Simmons that she voluntarily got into Link's car and consented to sexual intercourse with him. Schlereth's testimony was thus relevant to this issue and was sufficiently complete to meet the requirement that it be clear and convincing. The probative value outweighed the prejudicial impact because the attack on Schlereth occurred only nine months before Simmons was kidnapped and raped, and the two incidents, though not identical, were similar in kind. *See United States v. Oliver*, 525 F.2d at 739–40. There-

fore, the district court did not err in admitting Schlereth's testimony.

Accordingly, the judgment of the district court is affirmed.