Steven W. PIRNAT, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 82A01–9202–CR–41.

Court of Appeals of Indiana,
First District.

April 12, 1993.

Rehearing Denied May 26, 1993.

David M. Shaw, Evansville, for appellant-defendant.

Pamela Carter, Atty. Gen., Mark A. Jones, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

NAJAM, Judge.

## STATEMENT OF THE CASE

Following a jury trial, Steven W. Pirnat was convicted of Child Molesting,[1] a Class D felony. We reverse and remand.

## ISSUE

The dispositive issue presented on appeal is whether the trial court erred in admitting evidence of Pirnat's prior conviction of child molesting in that our supreme court has abandoned the depraved sexual instinct exception to the rule prohibiting the admission of prior bad acts and has adopted in lieu thereof Fed.R.Evid. 404(b) governing the admission of character evidence.[2]

## FACTS

The victim, T.C., was Pirnat's stepson. In April of 1990, when T.C. was twelve (12) years old, he awoke from a nap and discovered that Pirnat had his hand down T.C.'s pants and was touching T.C.'s penis. T.C. forced Pirnat to stop by sticking his fingernail into Pirnat's arm. Pirnat was charged with child molesting.

Before trial, Pirnat filed a motion in limine which included a request to exclude evidence of his prior conviction in Illinois for criminal sexual abuse. His motion was denied. At trial, evidence was introduced which showed that Pirnat had been previously convicted of molesting a female child, M.C., Pirnat's former stepdaughter. Over objection, M.C. testified in detail during the State's case-in-chief regarding the prior molestation.

Pirnat was convicted of child molesting and now appeals. We will state other relevant facts as needed in our discussion.

1. IND.CODE § 35–42–4–3.

2. See Lannan v. State (1992), Ind., 600 N.E.2d 1334, 1339. Our supreme court granted transfer on Pirnat's petition following our affirmance of his conviction, remanded for us to reexamine our initial holding in light of Lannan, and de-

## DISCUSSION AND DECISION

Pirnat argues that the evidence of his prior conviction for molesting M.C. should not have been admitted and that its admission amounts to reversible error. Specifically, Pirnat contends that his conviction must be reversed because while his appeal was pending, our supreme court adopted Fed.R.Evid. 404(b) in Lannan v. State (1992), Ind., 600 N.E.2d 1334, which abrogated the depraved sexual instinct exception to the admission of character evidence of the type admitted in his trial. The State counters that the evidence was properly admitted, and retroactively applying the Lannan rule of Fed.R.Evid. 404(b) in this case and other similar cases would have a devastating effect on the administration of justice. In its decision denying the State's petition for rehearing, our supreme court stated that Pirnat should not be penalized merely because the supreme court chose another pending case to announce the change of an evidentiary rule. Pirnat v. State, opinion on rehearing (1993), Ind., 607 N.E.2d 973, 974. We are compelled to agree with Pirnat that under the standard enumerated in Lannan, the evidence was improperly admitted because none of the exceptions to Fed.R.Evid. 404(b) is applicable here.

Although our supreme court essentially eliminated the depraved sexual instinct exception for character evidence when it adopted Fed.R.Evid. 404(b), the admission of evidence of prior sexual misconduct is not entirely foreclosed. See Lannan, 600 N.E.2d at 1339. Rather, such evidence may still be admitted if it is used to show proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake. Id. We must thus examine whether any of these exceptions will allow the admission of evidence of Pirnat's previous conviction for molesting

nied the State's petition for rehearing. See Pirnat v. State (1992), Ind., 600 N.E.2d 1342, reh. denied, (1993), Ind., 607 N.E.2d 973. We heard oral argument on the applicability of Fed. R.Evid. 404(b) to the facts of this case in Indianapolis on March 16, 1993.

M.C. We look to the Seventh Circuit for guidance in interpreting Fed.R.Evid. 404(b).

■ The Seventh Circuit applies a four-part test to determine whether evidence is admissible under Fed.R.Evid. 404(b): the evidence must be directed toward establishing a matter in issue other than the defendant's propensity to commit the charged act; the other crime must be similar enough and close enough in time to be relevant to the matter in issue; the evidence must be sufficient to support a finding by the jury that the defendant committed the other crime; and the proponent of the evidence must show that the probative value of the other crime is not substantially outweighed by its prejudicial effect on the defendant. *United States v. Hudson* (7th Cir.1989), 884 F.2d 1016, 1018–19, *cert. denied,* 496 U.S. 939, 110 S.Ct. 3221, 110 L.Ed.2d 668 (following *Huddleston v. United States* (1988), 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771). Here, the incident resulting in Pirnat's previous conviction occurred over three (3) years prior to the incident resulting in the present prosecution, not recent enough to meet the *Hudson* requirement that the other crime, to be relevant, be close in time to the present offense. *See id.* at 1018; *cf. United States v. Falco* (7th Cir.1984), 727 F.2d 659, 665 (pattern of conduct represented by previous convictions, not age of each conviction separately, critical to admission under Fed.R.Evid. 404(b)). Additionally, the trial court must always use a Fed.R.Evid. 403 balancing test evaluating the resulting prejudice to the defendant to determine the admissibility of evidence under Fed.R.Evid. 404(b). *See Hardin v. State* (1993), Ind., 611 N.E.2d 123, 128–29; *United States v. Fairchild* (7th Cir.1975), 526 F.2d 185, 189, *cert. denied,* 425 U.S. 942, 96 S.Ct. 1682, 48 L.Ed.2d 186. M.C.'s testimony regarding the previous conviction and details of the previous molestation were obviously highly prejudicial.[3] *See United States v. Faw-*

*bush* (8th Cir.1990), 900 F.2d 150, 152 (evidence that defendant sexually abused his daughters and fathered a child with one of them excluded under Fed.R.Evid. 403 analysis despite Fed.R.Evid. 404(b) exceptions because such evidence so inflammatory on its face it would divert jury's attention from material issues of trial).

■ The only exception under Fed.R.Evid. 404(b) which would possibly allow admission of the disputed evidence to admit Pirnat's previous conviction as character evidence is the exception used to show a defendant's "common scheme or plan." However, Pirnat's situation fits neither of the two branches composing the common scheme or plan exception. First, although both victims were Pirnat's stepchildren, and were fondled while lying in bed, those facts are insufficient to create a unique *modus operandi,* or Pirnat's "signature," in molesting children, and we cannot agree with the State's contention at oral argument that the two events were "remarkably similar." *See Lannan,* 600 N.E.2d at 1340; *Hudson,* 884 F.2d at 1021. Here, the particular acts in both incidents were typical, indeed, common in cases of child molestation.

■ Second, the *res gestae* exception is also inapplicable, because the two molestations were unrelated in time, character, and place of commission so as to establish a plan which embraced both prior and subsequent criminal activity and the charged crime. *See Lannan,* 600 N.E.2d at 1339. The only way to admit this evidence properly would be to reason that Pirnat had a plan of criminal activity which involved marrying women in order to molest their children. Both of the molestations involved Pirnat's stepchildren; however, admitting this evidence requires an improperly broad interpretation and application of the Fed.R.Evid. 404(b) exceptions. We cannot say that Pirnat's previous conviction

---

**3.** We note that our analysis applies equally to situations in which a witness testifies regarding a prior conviction, including the underlying facts of such a conviction, and those in which only a certified copy of a conviction is introduced into evidence. These situations are to be distinguished from those in which such evidence is used for impeachment purposes on cross-examination. *See infra* note 6; *Ashton v. Anderson* (1972), 258 Ind. 51, 63, 279 N.E.2d 210, 216–17.

was "similar act" evidence sufficiently connected with the charged crime to enable the State to take advantage of this exception.[4]

■■■ At oral argument, the State also contended that Pirnat's previous conviction was admissible under the intent exception to Fed.R.Evid. 404(b). We disagree. Evidence of prior bad acts is admissible to prove intent if intent is automatically at issue or if the defendant makes his intent an issue. *United States v. Gruttadauro* (7th Cir.1987), 818 F.2d 1323, 1327. Intent is automatically at issue in a criminal case, for purposes of Fed.R.Evid. 404(b), if the crime is a "specific intent" crime. *Id.* at 1327–28. Child molesting is defined by statute as a specific intent crime. IND. CODE § 35–42–4–3. However, the specific intent required to convict a defendant of child molesting may be inferred from the circumstances. *Dougherty v. State* (1983), Ind.App., 451 N.E.2d 382, 387. We also reiterate that character evidence used to show intent must always survive a Fed. R.Evid. 403 balancing analysis. *United States v. Shackleford* (7th Cir.1984), 738 F.2d 776, 781.

Where intent appears to be only a formal element because proof of the proscribed act gives rise to an inference of intent, unless the State has reason to believe that the defendant will raise intent as an issue, evidence of other acts directed toward intent should not be used in the State's case-in-chief and should not be admitted until the defendant raises the issue. *Id.* We agree with the *Shackleford* court's reasoning that to allow intent automatically to become an issue in the class of cases, including child molesting, in which intent is inferable from the nature of the act charged,

would create an exception to Fed.R.Evid. 404(b) that "would virtually swallow the rule against the admission of evidence of prior misconduct." *Id.* (citing *United States v. Ring* (6th Cir.1975), 513 F.2d 1001, 1009). We will not construe the intent exception as the State urges, because such a construction would essentially eviscerate the protective strictures of Fed. R.Evid. 404(b), especially when, as here, the circumstances involving the previous bad act and the present offense are not "strikingly similar." *Cf. United States v. Williams* (11th Cir.1987), 816 F.2d 1527, 1531 (evidence of two rapes defendant had previously committed admissible in prosecution for assault under Fed.R.Evid. 404(b) because factual circumstances "strikingly similar" and thus demonstrated defendant's intent); *United States v. Link* (8th Cir.1984), 728 F.2d 1170, 1172 (testimony of victim of prior kidnapping and attempted rape properly admitted under Fed.R.Evid. 404(b) in present prosecution for kidnapping because incidents only nine months apart, and although not identical, similar in kind, and defendant had placed intent at issue); *United States v. Sangrey* (9th Cir. 1978), 586 F.2d 1312, 1315 (testimony of victim's companion that defendant raped her and then got off of her and stated intent to rape victim properly admitted under Fed.R.Evid. 404(b) showing motive, opportunity, and intent). Here, the State introduced the evidence of Pirnat's previous conviction during its case-in-chief. Pirnat had not placed his intent at issue and the facts of the previous conviction and present offense were not strikingly similar. In this posture, the admission of Pirnat's prior conviction to show his intent to commit the charged conduct is not allowed.[5]

---

**4.** At oral argument, the State claimed that the time frame between the two incidents was actually much closer than three (3) years. We note that another incident which occurred shortly after Pirnat's Illinois conviction is not the subject of the Information in this case. *See* Record at 7, Record at 94 (certified copy of Pirnat's earlier conviction dated June 25, 1987), and Record at 44 (T.C.'s testimony that Pirnat first touched T.C. in a "bad way" sometime in November of 1987). Rather, the incident with which Pirnat was charged in this case occurred in April of 1990, almost three (3) years after the

incident resulting in his Illinois conviction. *See* Record at 7. We cannot say that the previous conviction and the incident which resulted in the present conviction evince a continuous plan of activity to qualify under the common scheme or plan exception to Fed.R.Evid. 404(b).

**5.** The State also claims that intent was necessarily at issue because absent intent, the charge would be battery, a lesser-included offense of child molesting. However, the Information charged Pirnat with only child molesting, *see* Record at 7, and no final instructions are in-

Further, at oral argument the State contended that we should expand the *Ashton* exceptions to include child molesting as an allowable offense to be used for impeachment purposes. *See Ashton v. Anderson* (1972), 258 Ind. 51, 63, 279 N.E.2d 210, 216–17. We note that the procedural context of this case does not allow us to make such a ruling. Here, the evidence was introduced in the State's case-in-chief, while the *Ashton* exceptions involve the use of evidence to impeach a witness on cross-examination.[6]

Moreover, the overwhelming presence of other evidence of molestation which persuaded the *Lannan* court to affirm notwithstanding the erroneous admission of depraved sexual instinct evidence is not present in Pirnat's case. Here, there was no third-party corroboration of the victim's allegations other than T.C.'s mother reciting what T.C. told her, and Pirnat did not admit to the molestation. We note that our holding comports with decisions from our supreme court and other districts of our court construing *Lannan*. *E.g., Lockhart v. State* (1993), Ind., 609 N.E.2d 1093; *Vanover v. State* (1992), Ind.App., 605 N.E.2d 218.

In sum, the Fed.R.Evid. 404(b) exceptions will not salvage Pirnat's defective conviction, and we must reverse and remand for a new trial. We note that the evidence was sufficient to support the conviction, so double jeopardy considerations are not offended by retrial. *See Brady v. State* (1991), Ind., 575 N.E.2d 981, 989. In light of *Lannan,* we are constrained to reverse.

Reversed and remanded.

BAKER and MILLER, JJ., concur.

---

cluded in the Record for us to assess whether the jury could choose between child molesting or battery as its verdict. We thus need not address this issue.

**6.** However, if given the opportunity to expand the *Ashton* exceptions, we would be inclined to add child molesting to the list of crimes which are admissible for impeachment purposes.