# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3785

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Guy Allen, | * | |
| | * | |
| Defendant- Appellant. | * | |

_____

Submitted: December 17, 2010
Filed: January 27, 2011

_____

Before RILEY, Chief Judge, BEAM, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

A jury convicted Guy Allen on one count of possession of illegal machine guns in violation of 18 U.S.C. § 922(o). The district court[1] sentenced him to 24 months' imprisonment. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Allen, arrested after police found two machine guns in his home, argues that the district court erred in allowing the government to show the jury video footage of him

_____

[1]The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

teaching his mother to fire a machine gun, and to cross-examine him about his military service and discharge.

Allen concedes that he did not renew his pretrial objection to the video footage (his counsel stated "no objection" to its introduction at trial). This court thus reviews the district court's decision to admit the evidence for plain error. *See United States v. Gonzalez-Rodriguez*, 239 F.3d 948, 951 (8th Cir. 2001) (finding "pretrial objections waived when an appellant's counsel affirmatively stated 'no objection' at trial to the admission of evidence previously sought to be suppressed.").

At trial, the government showed video footage of Allen instructing his mother how to fire an automatic machine gun; the tape was shown to the jury for two one-minute intervals. The footage was offered as a prior act under Rule 404(b) to demonstrate that Allen had knowledge, intent, and opportunity, and that he would certainly recognize the weapons in his home as machine guns. *See **Fed. R. Evid. 404(b)*** (allowing the introduction of prior acts if used to establish "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ."). "This court characterizes Rule 404(b) as a rule of inclusion rather than exclusion, and . . . will reverse a district court's admission of prior act evidence only when such evidence clearly ha[s] no bearing on the issues in the case and was introduced solely to prove the defendant's propensity to commit criminal acts." ***United States v. Turner***, 583 F.3d 1062, 1065 (8th Cir. 2009), *cert. denied*, 130 S.Ct. 1928 (2010) (internal quotations omitted).

Evidence of a similar act is "admissible under Rule 404(b) if it is: (1) relevant to a material issue; (2) similar in kind and not overly remote in time to the crime charged; (3) supported by sufficient evidence; and (4) higher in probative value than in prejudicial effect." ***United States v. Strong***, 415 F.3d 902, 905 (8th Cir. 2005), *cert. denied*, 546 U.S. 1130 (2006). Allen does not challenge the video's relevancy to a material issue, or its similarity in kind and time to the charged offense. Instead, he argues that the footage is not sufficient to support a jury finding that he committed

the prior crime "by a preponderance of the evidence," *United States v. Littlewind*, 595 F.3d 876, 881 (8th Cir. 2010), and that it is more prejudicial than probative. Allen misunderstands the government as introducing the video as evidence of a prior *crime* (not merely a prior act), which evokes a slightly heightened standard for admissibility. *Id*. Even under Allen's standard, however, the district court did not plainly err.

Relying mainly on this court's decision in *United States v. Clemons*, Allen contends that the video footage has an "innocent explanation or is simply too incomplete," and thus should be excluded. **United States v. Clemons**, 503 F.2d 486, 490 (8th Cir. 1974). In *Clemons*, this court excluded evidence of a defendant's prior arrest for possession of narcotics because he was never charged, and the government failed to offer any evidence that he knew about the confiscated drugs. *Id*. Because "the government failed to prove by clear and convincing evidence that Clemons did commit another similar offense," a reasonable jury could not find that the defendant had committed the prior alleged offense. *Id*. Accordingly, the prior arrest could not be used as evidence of intent, opportunity, knowledge or absence of mistake or accident. *Id*.

In contrast, "[w]here the surrounding circumstances [are] adequately established, [prior acts are] admissible because such conduct is relatively unlikely to be committed without knowledge or intent." *Id*. Here, unlike in *Clemons*, the surrounding circumstances of the video footage are adequately established; they are not incomplete. Allen's wife authenticated (and he does not dispute) that the tape shows Allen telling his mother how to fire machine guns. Instead, Allen objects that there was not sufficient evidence that this prior act was a crime and that there is an "innocent explanation" because "there are places where it is legal to fire machine guns, and the location of the videotape is unknown." Again, this argument misunderstands both the government's reason for introducing the evidence and Fed. R. Evid. 404(b). The government does not claim on appeal that Allen is committing a crime in the video. So long as prior acts are relevant to show motive, opportunity,

intent, knowledge or used for other permissible purposes, there is no requirement that the prior acts be crimes in order to be admissible. Accordingly, the evidence is sufficient for a jury to conclude both that Allen is the instructor in the video and that he recognized the guns in question as machine guns.

According to Allen, the video footage was more prejudicial than probative. He contends that the knowledge requirement of 18 U.S.C. § 922(o) was not at issue because he testified to familiarity with machine guns and the ability to identify them. This argument is unavailing. The government was unaware until Allen testified that he would concede this particular element, and more importantly, the government carries the burden of proving each element of the crime. *Jackson v. Virginia*, 443 U.S. 307, 314-15 (1979). In addition, any potential prejudice was reduced by the limiting instruction the district court gave the jury before the evidence was introduced. *See United States v. Hessman*, 493 F.3d 977, 983 (8th Cir. 2007), *cert. denied,* 552 U.S. 1155 (2008) (noting that limiting instructions minimize the danger of unfair prejudice). The district court did not err by admitting the video footage because it was relevant to a material issue, similar to the charged crime, provided sufficient grounds for the jury to conclude Allen participated in the alleged prior act, and was more probative than prejudicial.

Next, Allen argues that the district court erred by permitting the government to cross-examine him about his military service, specifically his arrests, charges, and subsequent discharge. This court reviews a district court's admission of evidence for abuse of discretion. *United States v. Mendoza*, 85 F.3d 1347, 1351 (8th Cir. 1996). Evidence of a defendant's character is admissible in criminal cases where the defendant introduces evidence aimed at portraying his own character in a positive light, and the prosecution is only rebutting the inference to be drawn from such statements. *Cf. United States v. Samples*, 456 F.3d 875, 884 (8th Cir. 2006), *cert. denied*, 549 U.S. 1186 (2007) ("[W]here the instigating party opens the door to questioning . . . it is estopped from complaining if its adversary offers fair rebuttal.");

*United States v. Womochil*, 778 F.2d 1311, 1315 (8th Cir. 1985) (finding no abuse of discretion in allowing the government to clarify a false impression created by defense counsel on cross-examination).  Asked on direct examination how he was able to recognize a M-60 machine gun, Allen stated that he had carried that type of gun in the military.  Allen went on, emphasizing he was proud of his service and hoped one day to share his experience with his kids.  He completed his direct testimony by again mentioning his time in the military.  "It is fundamental that where the defendant 'opened the door' and 'invited error' there can be no reversible error." *United States v. Smith*, 591 F.3d 974, 982 (8th Cir. 2010) (internal quotations omitted).  Based on the numerous times Allen mentioned his military service, the district court did not abuse its discretion by permitting the government to question him about the nature of his service, revealing arrests, charges, and his discharge ("general under less than honorable").

Finally, Allen asserts that 18 U.S.C. § 922(o) is an unconstitutional infringement on his Second Amendment right to bear arms.  He concedes that this assertion is foreclosed by this court's decision in *United States v. Fincher*, 538 F.3d 868, 874 (8th Cir. 2008), *cert. denied*, 129 S.Ct. 1369 (2009), holding that the Second Amendment does not protect an individual's right to possess a machine gun.  Nothing in *McDonald v. City of Chicago*, 130 S. Ct. 3020 (2010)–decided after *Fincher*–changes the rule in this circuit.

The judgment of the district court is affirmed.

_____