**Mark R. FRANK, Claimant-Appellant,**

v.

**REVIEW BOARD OF the INDIANA EMPLOYMENT SECURITY DIVISION**

**and**

**Block's Allied Stores Corporation, Respondents-Appellees.**

**No. 2–181A11.**

Court of Appeals of Indiana,
Third District.

May 7, 1981.

Patricia Smith and L. Peter Iverson, Legal Services Organization of Indiana, Inc., Indianapolis, for claimant-appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for respondents-appellees.

GARRARD, Judge.

Appellant Frank appeals from a determination disqualifying him for unemployment compensation benefits on the ground that he was discharged for cause by Block's Allied Stores Corporation (Block's).

Our standard of review precludes us from reweighing the evidence on appeal. We may reverse only when we conclude that reasonable persons would be bound to reach a different result upon a consideration of the evidence from the perspective favoring the Board's decision. *Ervin v. Rev. Bd.* (1977), 173 Ind.App. 592, 364 N.E.2d 1189. Since the record before us discloses such an instance, we reverse.

IC 22–4–15–1 provides that an individual who is discharged for just cause is ineligible for benefits. "Discharge for just cause" is defined therein to include a variety of malefactions. Admittedly, the only one with which we are concerned is "knowing violation of a reasonable and uniformly enforced rule of an employer."

It appears that Frank worked for Block's from July 1978 until he was discharged on September 13, 1980. It does not appear that he was a very good employee. Since there was no collective bargaining agreement or other agreement covering the terms of his employ, clearly Block's was empowered to terminate him at any time. *See Shaw v. S. S. Kresge Company* (1975), 167 Ind.App. 1, 328 N.E.2d 775.

In order that he be disqualified from employment security benefits it was, however, necessary for the employer to establish that Frank (1) knowingly violated (2) a reasonable and (3) uniformly enforced rule.

The evidence on behalf of the employer was presented by the personnel manager of Block's downtown store, Mrs. Peczkowski. In response to questions by the referee she initially stated that Block's had written policies with respect to grounds for termination. When asked how employees were notified of these rules, she answered that "Mr. Frank was put through an orientation, a training class before he was placed on the selling floor."

Later she changed her testimony and stated that the disciplinary rules were not set forth in the employee handbook. Instead they appeared in a manual that was available only to management personnel and that was why the company had denied Frank's request to see the policies applicable to his employment.

Finally, she testified that she had not brought the policy manual with her but it did not contain the rules applicable to Mr. Frank anyway. They were policy matters and were not in writing. Employees learned of these policies by receiving a reprimand when they committed an infraction.

Concerning the specific problem with Mr. Frank, Mrs. Peczkowski initially stated that "the main reason" he was terminated was that on September 11th he had taken his lunch break twenty-two minutes before his scheduled time and in so doing had left the selling floor without permission.

The evidence did not develop that conduct as a discharge offense. Instead, Mrs. Peczkowski testified to a policy that an employee would receive a verbal warning for committing an offense. He, or she, would then be subject to written warnings for the next three (3) offenses. The evidence is ambiguous as to whether discharge was then in order upon the commission of the offense which prompted the third written warning or whether the employee was subject to discharge only for an offense committed after receipt of three written warnings. Significantly, there was no evidence that upon the commission of a specified offense or after the commission of a certain number of offenses an employee *would* be discharged. Indeed, the reasonable inference from the evidence is that if an employee had committed the four prerequisite offenses, the employer would simply exercise its discretion in awarding punishment which might include discharge.

There was no direct evidence that the employer's work rules were uniformly enforced. No reasonable inference to that effect is available from the evidence.

Thus, although Block's was clearly entitled to discharge Mr. Frank, he was not thereby disqualified from receiving unemployment compensation. There was no evidence that he was discharged for the knowing violation of a uniformly enforced work rule. The decision of the Board was therefore contrary to law. *Accord, Barnett v. Rev. Bd.* (1981), Ind.App., 419 N.E.2d 249.

The decision is reversed with instructions to enter a determination that Frank was eligible for employment security benefits.

Reversed and remanded.

HOFFMAN, P. J. and STATON, J., concur.