**Cheryl A. BYRD, Appellant (Claimant Below),**

v.

**REVIEW BOARD OF the INDIANA EMPLOYMENT SECURITY DIVISION and Hoffman Cleaners, Appellees (Respondents Below).**

**No. 2–384A86.**

Court of Appeals of Indiana, Third District.

Oct. 15, 1984.

Carleton A. Lewis, Patricia Smith, Legal Services Organization of Ind., Inc., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellees.

HOFFMAN, Judge.

Appellant brings this appeal seeking review of a finding by the Review Board that she was discharged from her employment for just cause. The sole issue on this appeal is whether the Review Board erred as a matter of law in concluding that it was just cause to discharge claimant because her past, non-work related traffic tickets had caused the cancellation of her employer's automobile insurance while she was the driver.

The facts pertinent to this appeal are as follows. In May of 1980 Cheryl Byrd (claimant herein) was hired by Robert Hoffman to work in his ice cream parlor. Sometime in 1981, claimant began working at Hoffman's dry cleaners. At Hoffman Cleaners claimant's duties were as a presser and a pickup and delivery person. When acting as a pickup and delivery person for Hoffman Cleaners, claimant drove a truck owned by her employer.

Claimant was discharged by Hoffman on March 30, 1983. On that date, Hoffman showed her a notice of cancellation of his automobile insurance and stated that due to it, he had no other alternative but to discharge her. The notice of cancellation by the insurance company cited, as the basis of its cancellation, three non-work related traffic offenses committed by

claimant. The cited traffic offenses had all been committed when she was driving her personal car during her off-duty hours. One and maybe two of the three traffic offenses had been committed by claimant prior to her becoming a pickup and delivery person for employer.[1]

Claimant applied to the Indiana Employment Security Division for unemployment compensation on April 4, 1983, and was determined to be ineligible for benefits by a deputy's determination dated May 2, 1983 for reason that her discharge was for just cause. Claimant filed a request for hearing before a referee. On May 23, 1983, the appeals referee for the Indiana Employment Security Division issued his decision that the claimant was discharged from employment for just cause, affirming the initial decision of the deputy.

Claimant filed a request for appeal to the Review Board. The Review Board affirmed the appeals referee's decision, without holding a hearing on February 15, 1984.

Claimant then filed a notice of intent to appeal to the Indiana Court of Appeals; the record for which appeal was filed in the Court of Appeals on March 26, 1984.

One who is discharged for just cause is ineligible for unemployment compensation benefits. Our statutes attempt to define "[d]ischarge for just cause" and the provision with which we are concerned reads as follows:

IND.CODE § 22-4-15-1(e)

"(8) ... or for any breach of duty in connection with work which is reasonably owed an employer by an employee."

■ This Court is bound by the Review Board's decision unless the evidence would compel reasonable persons to reach a contrary result. *Wasylk v. Review Bd. of Ind. Emp. Sec. Div.,* (1983) Ind.App., 454 N.E.2d 1243.

The parties, through their briefs, agree that claimant owed a duty to her employer at the time of her discharge to avoid any and all traffic violations because they could affect employer's insurance and therefore her ability to perform her duties.[2] The differing contentions question whether it is reasonable for the employee to expect this duty absent the employer's expression of the duty. Appellant contends that the employer has an obligation to inform the employee of the relationship between employer's insurance and employee's driving record, and that since there was no evidence here to establish that employer had so informed claimant, she did not breach a duty she could reasonably expect; thus she was not discharged for good cause. On the other hand, appellee argues that the duty is so basic that claimant should have reasonably expected the duty, even without being informed of it by employer.

■ There are some duties which an employee should reasonably expect, even without specific notice.[3] A duty not to accumulate traffic tickets, either work or non-work related, that will impair a driver's license or the insurability of that person, imposed upon one whose job duties include driving the employer's vehicle, is one such duty. Here, since the duty is so fundamental to claimant's job, in that a breach thereof adversely affects her ability and capacity to perform her job duties, she may not breach that duty and then raise the defense of lack of specific notice. The duty is one which claimant should reasonably expect.

■ As claimant had a duty which is *reasonably* owed an employer by an employee, that claimant breached that duty, and was subsequently discharged when her breach rendered her unable to perform her job duties, supports the Review Board's

---

1. It is unclear as the record does not indicate when in 1981 Byrd began working in the dry cleaners.

2. Appellant's brief makes this statement at page 10, and appellee so states at page 9.

3. For example, fighting on the employer's premises during working hours. *See Smithson v. Review Bd. of Ind. Emp. Sec.,* (1983) Ind.App., 446 N.E.2d 1014.

finding that claimant was discharged for just cause.

Affirmed.

STATON, P.J., and GARRARD, J., concur.