**Joseph M. McCURDY, Appellant,**

v.

**DEPARTMENT OF EMPLOYMENT AND TRAINING SERVICES, Anthony C. Guido, Joe A. Harris and Nanette McDermott as members of and as constituting the Review Board of the Department of Employment and Training Services, and Fuelex, Inc., Appellees.**

No. 93A02–8812–EX–458.

Court of Appeals of Indiana, First District.

May 23, 1989.

Judith M. Haller, Legal Services of Northwest Indiana, Inc., Gary, for appellant.

Linley E. Pearson, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellees.

NEAL, Judge.

### STATEMENT OF THE CASE

Claimant-appellant, Joseph M. McCurdy (McCurdy), appeals the decision of the Review Board of the Indiana Department of Employment and Training Services (the Review Board) denying his claim for unemployment benefits.

We reverse.

### STATEMENT OF THE FACTS

On July 1, 1988, McCurdy commenced full-time employment as a truck driver for Fuelex, Inc., a small trucking company located in East Chicago, Indiana. Generally, Fuelex scheduled its truck drivers to work 12 hour shifts on a rotating four days on four days off basis. A copy of the work schedule was given to all employees and posted at each job site at which Fuelex had obtained subcontract trucking work. The truck drivers were also informed, however, that due to the nature of the business and the need to meet contractual obligations, the work schedule was tentative and subject to modification as the need arose. Accordingly, the importance of maintaining communications between Fuelex and its drivers was stressed.

McCurdy was employed with Fuelex for only a brief one month period in July of 1988. He worked as scheduled until the evening of July 12 at which time he suffered a work related injury requiring medical attention. He was treated by physicians for a period of eight days, necessitating his removal from the work rotation until Wednesday, July 20, when McCurdy presented superiors at Fuelex with a physician's release. Although released to return to work, McCurdy explained that he continued to suffer from the injury and request-

ed that he not be scheduled to return to work until the weekend.

Efforts were made to accommodate McCurdy and the work schedule was altered to provide for him to return to work on July 22. McCurdy failed to report to work on that date, however. From July 21 to July 25, Fuelex repeatedly attempted to contact McCurdy by telephone at the numbers of his niece and girlfriend which he had previously provided as locations where he could be reached. Over the span of five days Fuelex was never able to contact or locate McCurdy. Likewise, a co-worker sent to search for McCurdy at the direction of Fuelex officials was unsuccessful in his efforts to locate McCurdy at either his home or other spots he frequented. Finally, but after having already missed his entire scheduled four day work rotation, McCurdy reported to work on Tuesday, July 26.

Genuinely concerned about his absences, Fuelex officials explained to McCurdy that they had been unable to contact him and reemphasized the importance of maintaining adequate lines of communication between the company and its employees. Thereafter, for reasons not made clear, McCurdy worked from July 26 through July 29, although not scheduled to do so. Pursuant to the revised schedule, McCurdy was also scheduled to work from July 30 to August 2. He failed to report to work on July 30 or for any day during that rotation period. As had been the case previously, repeated attempts to contact him proved fruitless. McCurdy finally returned to work on August 3, but by that time Fuelex had already hired a replacement to fill the vacancy left by his absence. The following morning Fuelex terminated McCurdy's employment, assigning as its reasons his failure to report to work as scheduled and failure to maintain adequate communications.

After he was discharged, McCurdy filed an application for unemployment benefits. The deputy denied his application, ruling McCurdy had been discharged for just cause. McCurdy appealed this decision, and an evidentiary hearing was conducted before an appeals referee. The referee affirmed the deputy's determination that McCurdy had been discharged for just cause. On appeal, the Review Board affirmed the referee's decision and incorporated by reference his findings of fact and conclusion which read as follows:

FINDINGS OF FACT: The facts show that claimant worked for subject employer for the period from July 1, 1988 through August 3, 1988 last being employed as a truck driver earning eight dollars and forty cents ($8.40) per hour for full-time employment. That on or about August 3, 1988 claimant was discharged by the subject employer based on claimant's failure to be available for scheduled employment.

Specifically, the facts show that during claimant's period of employment at the employer's place of business claimant would repeatedly fail to report to work as scheduled or expected and that on other occasions the employer was unable to contact claimant concerning scheduled work. The facts show that prior to claimant's separation claimant as well as other employees were informed of the importance to be available to take any telephone communication concerning work schedules as well as to work the schedules as posted. The facts show that given claimant's continued problems in working as expected claimant was informed of these continuous difficulties and that given claimant's actions in failing to improve his attendance record claimant was terminated from his employment.

CONCLUSION: From the foregoing findings of fact it is concluded that claimant was discharged by subject employer for just cause in connection with the work based on claimant's conduct in failing to work as expected or scheduled after numerous discussions of these difficulties, such conduct by claimant showing a disregard of employer's overall best interests.

*Record* at 72.

## ISSUES

On appeal, McCurdy presents several issues for our review. Because we reverse,

however, the only issue which we need address is:

> Whether the Review Board's conclusion that McCurdy was discharged for just cause was contrary to law and unsupported by the evidence.

## DISCUSSION AND DECISION

■ Procedurally, the burden of establishing just cause for a discharge rests with the employer in proceedings before the Employment Security Division. Once this burden is met with the establishment of a prima facie case, it is incumbent upon the claimant to produce evidence which rebuts the employer's case. *Sloan v. Review Board* (1983), Ind.App., 444 N.E.2d 862. On appeal from a denial of benefits, the claimant bears the burden of showing error. *Id.*

In *Wakshlag v. Review Board* (1980), Ind.App., 413 N.E.2d 1078, 1082, this court explained what conduct constitutes just cause for a discharge:

> "Fault," or "just cause," as used in the Employment Security Act, means failure or volition, and does not mean something blameworthy, culpable, or worthy of censure....
>
> Whether unemployed persons are without fault must be determined upon the facts and circumstances of the individual case. Determination of cause is a question of fact. It is conduct evidencing such wilful or wanton disregard of the employer's interest as is found in deliberate violations or disregard of standards of behavior which the employer has a right to expect of his employee, or *a carelessness or negligence of such a degree or recurrence* as to manifest equal culpability, wrongful intent, or evil design or to show an intentional or substantial disregard of the employer's interest, or of the employee's duties or obligation to his employer. (Citations omitted; Original emphasis.)

Fuelex alleged and presented two alternative reasons as to why McCurdy was discharged for just cause. It claimed that McCurdy failed to make himself available for communications and failed to report to work as scheduled. Although the findings of fact address the failure to maintain communications charge, the referee and Review Board relied solely upon McCurdy's failure to report to work in its conclusion determining he was discharged for just cause. Specifically, it held that:

> [T]he claimant was discharged by subject employer for just cause in connection with the work based on claimant's conduct in failing to work as expected or scheduled after numerous discussions of these difficulties....

*Record* at 72. In its brief Fuelex argues the merits of the failure to maintain communications charge. However, we will only address the basis of the decision as assigned by the referee and Review Board.

In reviewing the evidence to support the Review Board's determination, we may not weigh the evidence and may consider only that evidence and the reasonable inferences therefrom most favorable to the decision. The Review Board's decision will not be disturbed on appeal unless reasonable persons would be bound to reach a different conclusion on the evidence in the record. *Wakshlag, supra.*

■ The evidence in the record discloses that following a short absence precipitated by an injury he sustained at work, McCurdy was released by physicians to return to work on Wednesday, July 20. He requested of Fuelex, however, that he not be placed on the work schedule either for a couple of days or until the weekend, according to differing testimony given by a Fuelex official at the hearing. McCurdy did not dispute that he requested that Fuelex delay placing him on the work schedule, but his testimony was no more enlightening as to the period of the delay he requested. In any event, Fuelex altered the original work schedule to permit McCurdy to return to work on July 22. McCurdy did not report to work until July 26. The only evidence we have before us indicates that McCurdy requested not to be returned to the schedule either for a couple of days, July 22, or until the weekend, July 23 and 24. Clearly his failure to report to work until Tuesday, July 26, well after either

date involved, evidenced a willful or wanton disregard of Fuelex's interests or a carelessness or negligence of such degree as to manifest equal culpability sufficient to justify his discharge at that time.

Fuelex did not act to terminate McCurdy's employment, however. Instead, it permitted him to work a four day rotation from July 26 through July 29. By the revised schedule he was also scheduled to work a four day rotation from July 30 to August 2. McCurdy failed to report to work for this rotation as well. At the hearing McCurdy did not dispute this fact. McCurdy explained, however, that he was absent from work because he miscounted his days. In fact, he reported back to work on August 3, four days after completing his last rotation on July 29. Clearly, McCurdy, having just completed a four day rotation, failed to report to work from July 30 to August 2 believing he was off for that period. True, the revised schedule, if consulted, would have revealed that he was required to work from July 30 to August 2. We reemphasize, however, that McCurdy worked the rotation immediately preceding, although he was not scheduled to do so. There is no suggestion that the circumstances required it in order to enable Fuelex to meet contractual obligations. Rather, the facts of the case at bar bear all the earmarkings of a mix-up or misunderstanding. We do not believe that McCurdy's failure to report to work as scheduled because he miscounted the days constitutes the wrongful intent or evil design contemplated by *Wakshlag*. The Review Board erred in concluding that such conduct constituted just cause for his discharge.

For all of the above reasons, this cause is reversed.

Judgment reversed.

ROBERTSON, J., concurs.

CONOVER, P.J., concurs in result.