CONSECO, INC., Appellant,

v.

REVIEW BOARD OF THE INDIANA DEPARTMENT OF EMPLOYMENT and TRAINING SERVICES, Mable Martin–Scott, Chairperson, George H. Baker, Member, and Mark T. Robbins, Member,

and

Danita Gilbert, Appellees.

No. 93A02–9307–EX–351.

Court of Appeals of Indiana,
First District.

Dec. 28, 1993.

Keith E. White, Bose McKinney & Evans, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Indianapolis, for appellees.

NAJAM, Judge.

### STATEMENT OF THE CASE

Conseco, Inc. appeals the decision of the Review Board of the Indiana Department of Employment and Training Services ("Review Board") which found that Danita Gilbert ("Gilbert") was entitled to full unemployment compensation benefits because she was not discharged by Conseco for "just cause" within the meaning of the Indiana Employment Security Act, Indiana Code § 22–4–15–1. Conseco contends that the decision of the Review Board is contrary to law and must be reversed.[1] We disagree and affirm.

### ISSUE

Whether the Review Board's conclusion that Gilbert was not discharged for just

---

**1.** We have jurisdiction of this cause pursuant to Indiana Code § 22–4–17–12.

cause was contrary to law and unsupported by the evidence.

## FACTS

On September 6, 1991, Conseco instituted a new policy requiring each employee to authorize Conseco to obtain the employee's criminal record. Prior to instituting the policy, Conseco had experienced incidents of theft of company checks and employees' personal property. Under this new policy, Gilbert, who had been employed with Conseco as a data control analyst since November 12, 1990, signed a release form authorizing Conseco "to obtain any and all records related to [her] criminal history...." Conseco received Gilbert's record on September 9, 1991. The record indicated that she had been arrested on August 26, 1991, and charged with Criminal Conversion for allegedly shoplifting at a department store. At the time of this report Gilbert had entered a plea of "not guilty."

On September 10, 1991, Conseco discharged Gilbert. Robert Moreno, Conseco's Second Vice President of Data Processing, and supervisor of Gilbert's department, explained to Gilbert that she was discharged because of her arrest for shoplifting. Thereafter, Gilbert filed a claim for unemployment benefits. On September 30, 1991, an unemployment claims deputy denied Gilbert benefits, finding that she had been discharged for just cause. Gilbert appealed this initial decision to an Administrative Law Judge ("ALJ"), and after an evidentiary hearing held October 23, 1991, the ALJ reversed the deputy's determination. The ALJ concluded that Gilbert was not discharged for just cause, citing the fact that Gilbert's charge was pending on a plea of not guilty and, thus, there had been "no wrongdoing on the claimant's part."

Conseco filed an appeal of the ALJ's decision with the Review Board on November 1, 1991, and on March 5, 1992, submitted additional evidence pursuant to the Board's order, showing that Gilbert had changed her plea to guilty and was convicted of Criminal Conversion on December 16, 1991. Gilbert was afforded the opportunity to submit additional evidence but declined. On May 19, 1993, the Review Board, with modifications, affirmed the ALJ's decision that Gilbert was not discharged by Conseco for just cause and, thus, was entitled to unemployment compensation benefits. Conseco now appeals the Review Board's final administrative decision. We will state additional facts where necessary.

## DISCUSSION AND DECISION

### Standard of Review

■ When reviewing decisions concerning unemployment compensation matters, we are bound by the Review Board's resolution of all factual matters. *Bishop v. Review Board* (1993), Ind.App., 611 N.E.2d 670, 672. We will not reweigh the evidence or reassess witness credibility. *Id.* Considering only the evidence most favorable to the Board's decision and the reasonable inferences therefrom, we will affirm if there is substantial evidence of probative value supporting the Board's determination. *Id.* In other words, the Review Board's decision will not be reversed if it is "reasonable in light of its findings [of fact]." *Arvin North American Automotive v. Review Board* (1992), Ind.App., 598 N.E.2d 532, 535, *trans. denied.*

### Discharge for Just Cause

■ An employee who is discharged for just cause is not entitled to unemployment benefits. IND.CODE § 22–4–15–1. The initial burden of establishing just cause for the discharge of an employee rests with the employer. Once the employer makes a prima facie showing of just cause, the burden shifts to the employee to produce evidence that rebuts the employer's case. *Bishop*, 611 N.E.2d at 673; *McCurdy v. Department of Employment and Training Services* (1989), Ind.App., 538 N.E.2d 277, 279. "Discharge for just cause" includes, but is not limited to:

"(8) incarceration in jail following conviction of a misdemeanor or felony by a court of competent jurisdiction or for any breach of duty in connection with work

which is reasonably owed an employer by an employee."

IND.CODE § 22–4–15–1(d)(8). Relying on that paragraph, Conseco contends that the Review Board's determination is contrary to law because the Board's findings of fact do not support its ultimate decision. The Review Board concluded:

"the off-duty conduct did not breach a duty reasonably owed the Employer nor does it fall within any other definition of discharge for just cause enumerated in Indiana Code § 22–4–15–1. Therefore, even with evidence of a conviction, the Employer has failed to demonstrate any connection between the off-duty conduct and the Claimant's work, and therefore has failed to demonstrate just cause under the Act for discharging the Claimant."

Record at 25 (Review Board Decision at 3).

In affirming the ALJ decision, the Review Board distinguished the present case from *Osborn v. Review Board* (1978), 178 Ind.App. 22, 381 N.E.2d 495, cited by Conseco in support of its position. In *Osborn,* we upheld the Review Board's determination that the claimant's off-duty conduct was sufficiently connected to her work to demonstrate just cause for discharge. In *Osborn,* we emphasized the fact that the claimant's unacceptable conduct occurred at her place of employment and before the employer's customers. We went on to state that "an employer can reasonably expect that its employees will comport themselves in such a manner to preserve the reputation of the employer. Furthermore, this duty may repose on an employee even though she happens to be off-duty." *Id.* at 28, 381 N.E.2d at 499. Thus, while *Osborn* establishes that off-duty conduct may constitute just cause for discharge, it does not abrogate the requirement that the employee's conduct be in connection with the work.

On appeal, Conseco also contends that our decision in *Byrd v. Review Board* (1984), Ind.App., 469 N.E.2d 463, supports its position. The employee in *Byrd* had accumulated too many off-duty traffic offenses to obtain automobile insurance and,

thus, could no longer perform her job as a pick-up and delivery driver for her employer. In affirming the Review Board's finding that the claimant had been discharged for just cause, we held, as in *Osborn,* that off-duty conduct may adversely affect an employee's ability to do her job and, therefore, may constitute just cause for discharge in certain instances. We further stated that:

"[T]here are some duties which an employee should reasonably expect, even without specific notice. Here, since the duty is so fundamental to claimant's job, in that a breach thereof adversely affects her ability and capacity to perform her job duties, she may not breach that duty. . . ."

*Id.* at 465. Thus, *Byrd* also emphasizes the statutory requirement that an employer must show a close connection between an employee's duty owed to her employer and the employee's work.

Conseco asserts that it has shown the required nexus between Gilbert's off-duty conduct and her work to establish just cause to discharge her. We disagree. The Review Board's findings indicate that Gilbert worked as a Data Control Analyst on the midnight to 8:00 a.m. shift, that she printed customer claim checks, that she had access to all five Conseco buildings on its grounds, and that Moreno discharged her "due to the nature of the job she did. . . ." Record at 23 (Review Board Decision at 1). While off-duty, Gilbert was arrested for shoplifting a pair of shoes from a department store, but at the time that she was discharged she had not been convicted. Conseco argues that Gilbert's position as a Data Control Analyst obligated Conseco to place upon her the "trust of the Company and its policyholders," and that that trust was "an essential element of her job with Conseco, just as driving a truck was an essential element of the claimant's job in *Byrd.*" Appellant's Brief at 16. The Review Board did not dispute that assertion; rather, the Board could not conclude from the evidence presented that Gilbert's conduct breached a duty, in connection with her work, which she reason-

ably owed Conseco. In other words, the Review Board found that the relationship between Gilbert's criminal conduct and her work was too attenuated. We agree that Conseco presented no evidence which directly showed "a breach of duty *in connection with work." See* IND.CODE § 22–4–1–15(d)(8). (emphasis added).

Further, while the Review Board concluded that the evidence was not sufficient to establish the required nexus between Gilbert's off-duty conduct and her work, the Board did state that Gilbert's conduct "may have given the Employer cause to limit her access to records or funds, or, for that matter, a good business reason to discharge her." Record at 24–25 (Review Board Decision at 2–3). Conseco points to this statement by the Review Board in maintaining that the Board's findings do not support its conclusion. However, whether an employer has reason to terminate an at-will employee involves different concerns than whether those reasons constitute "just cause" for purposes of unemployment compensation under the enumerated grounds in Indiana Code § 22–4–1–15(d). *See Frank v. Review Board* (1981), Ind.App., 419 N.E.2d 1318, 1319 (although employer was clearly entitled to terminate employee, employee was not thereby disqualified from receiving unemployment compensation).

We conclude that there was substantial evidence to support the Review Board's findings of fact, and that from these findings the Board could reasonably determine Gilbert was not discharged for just cause as is required under Indiana Code § 22–4–15–1. The decision of the Review Board is affirmed.

SHARPNACK, C.J., concurs.

BAKER, J., dissents with opinion.

BAKER, Judge, dissenting.

I respectfully dissent. As noted by the majority, Gilbert's job as a Data Control Analyst printing customer claim checks with access to company buildings during non-business hours, required Conseco to have a great deal of confidence in her integrity and trustworthiness. Thus, Gilbert's personal integrity and trustworthiness were fundamental segments of her job, and a breach thereof "adversely affects her ability and capacity to perform her job duties." *Byrd v. Review Board* (1984), Ind.App. 469 N.E.2d 463 at 465. The fact that Gilbert shoplifted materially affects Conseco's ability to trust her and to rely upon her integrity. The fact that Gilbert shoplifted from a store not connected with her employer while off-duty matters not. If a person cannot be trusted all the time, she cannot be trusted any of the time.[2]

The duty not to commit acts which impair or reflect poorly upon one's integrity and trustworthiness, while on-duty or off-duty, is a basic duty which every employee reasonably owes to his employer.[3] The duty to be honest and trustworthy is so fundamental to every employee's job because a breach thereof adversely affects the employee's ability to perform her job duties and the employer's ability to rely upon that employee to perform those duties honestly.

Gilbert's shoplifting activity breaches this duty and in my opinion is thus violative of IND.CODE 22–4–15–1(d)(8).[4] Moreover, this conclusion is consistent with public policy and the goal underlying the Indiana Employment Security Act, which is to protect workers who become "unemployed

---

**2.** *See* Annotation, "Conduct or Activities of Employees During Off–Duty Hours as Misconduct Barring Unemployment Compensation Benefits," 89 A.L.R.2d 1089 (1963).

**3.** Acts which reflect poorly on one's integrity and trustworthiness include acts which involve dishonesty or false statement including: treason, murder, rape, arson, burglary, robbery kidnapping, forgery, willful and corrupt perjury,

and child molesting. *See Ashton v. Anderson* (1972), 258 Ind. 51, 279 N.E.2d 210, 217; *Pirnat v. State* (1993), Ind.App., 612 N.E.2d 153, 157, n. 6.

**4.** I.C. 22–4–15–1(d)(8) provides that discharge for good cause includes discharge "for any breach of duty in connection with work which is reasonably owed an employer by an employee."

through no fault of their own." Gilbert's discharge was the outcome of her own misconduct.

I believe our decisions in *Byrd* and *Osborn v. Review Board* (1978), 178 Ind.App., 381 N.E.2d 495 (employee's discharge for intoxication while off-duty was for just cause), require reversal of the Review Board's decision, especially in light of the Review Board's acknowledgment that it was reasonable for Conseco to limit Gilbert's access to records or funds. Record at 24.