# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**PETER CAMPBELL KING**
Cline, King & King, P.C.
Columbus, Indiana

ATTORNEY FOR APPELLEES:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHY BRADLEY**
Deputy Attorney General
Indianapolis, Indiana

FILED

Jul 30 2014, 9:54 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BARTHOLOMEW COUNTY, INDIANA, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 93A02-1311-EX-986 |
| | ) | |
| REVIEW BOARD OF THE INDIANA | ) | |
| DEPARTMENT OF WORKFORCE | ) | |
| DEVELOPMENT, and ROBERT L. AMOS, | ) | |
| | ) | |
| Appellees. | ) | |

APPEAL FROM THE UNEMPLOYMENT INSURANCE REVIEW BOARD
Stephen F. Bier, Chairperson
George H. Baker, Member
Larry A. Dailey, Member
Cause No. 13-R-3524

**July 30, 2014**

**OPINION- FOR PUBLICATION**

**BRADFORD, Judge**

**CASE SUMMARY**

Appellant employer Bartholomew County ("the County") appeals the determination of Appellee the Review Board of the Indiana Department of Workforce Development ("the Review Board") that Appellee unemployed claimant Robert L. Amos was not discharged for just cause and, therefore, is eligible for unemployment benefits. Amos was employed as a merit deputy sheriff when he playfully shot a fellow officer in the groin with non-lethal training ammunition. The Bartholomew County Sherriff's Merit Board ("the Merit Board") found Amos to have violated six Sheriff's Department rules and determined these violations to be "cause" for Amos's discharge under Indiana Code section 36-8-10-11(a). The Review Board found that the County did not uniformly enforce its rules, as required for "just cause" discharge under Indiana Code section 22-4-15-1(d)(2). The County argues that (1) the issue of whether Amos was discharged for "just cause" was collaterally estopped by the Merit Board's determination that Amos's rules violations were "cause" for his discharge; (2) the Review Board erred in defining the class against which uniform rule enforcement is measured; and (3) the Review Board abused its discretion in denying the County's request to present the transcript of the Merit Board hearing as additional evidence. We affirm.

**FACTS AND PROCEDURAL HISTORY**

Amos was employed by the County as a merit deputy sheriff from July 22, 1974 until May 16, 2013. He is also a certified firearms instructor. On February 18, 2013, Amos participated in an "Active Shooter" training course with several other officers, including Hartsville Town Marshal A.J. Ross. Appellant's App. p. 20. The course involved "live

2

fire" scenarios in which the participants exchanged gunfire using non-lethal, plastic training ammunition called "Simunition." Appellant's app. p. 21. Simunition fires without gun powder and only has the capability to travel ten or fifteen feet; however, it can cause injury if it hits a person in the eye or on bare skin. For this reason, the course participants were required to wear helmets; throat, chest, and groin protectors; and other protective gear during each scenario.

After one particular scenario during the February 18, 2013 training, the instructor ordered the participants to holster their weapons and remove their helmets so they could debrief. During this debriefing, Marshal Ross stated that he had not been hit with Simunition during the scenario. Amos laughed and stated that he had been hit four times. He then raised his weapon and playfully shot Marshal Ross, hitting him in his groin protector. The instructor immediately took Amos's weapon and admonished him for inappropriate conduct. Marshal Ross was not injured.

As a result of the shooting, Bartholomew County Sheriff Mark Gorbett charged Amos with violating six Sherriff's Department rules: (1) use of non-deadly or deadly force against a person who is merely verbally abusive; (2) conduct unbecoming to an officer; (3) handling and carrying of a firearm in a careless or imprudent manner; (4) failure to use equipment for its intended purpose; (5) failure to perform duties in a manner which will maintain the highest standard of efficiency in carrying out the functions and objectives of the Department; and (6) failure to maintain a high level of professionalism. The Merit Board held a hearing on the charges and, on May 16, 2013, issued its findings of fact and conclusions thereon. The Merit Board found Amos guilty of violating all six rules and

3

determined these violations to be "cause" for Amos's discharge under Indiana Code section 36-8-10-11(a). Amos was immediately discharged from County employment.

Following his discharge, Amos applied for unemployment benefits through the Department of Workforce Development ("DWD"). On June 13, 2013, a DWD claims deputy determined that Amos was discharged for just cause and, therefore, was ineligible for unemployment benefits. Amos appealed the deputy's determination, and a hearing was held before a DWD Administrative Law Judge ("ALJ"). During the ALJ hearing, the County presented only the Merit Board's findings of fact and conclusions thereon as proof that Amos was discharged for just cause. For his part, Amos testified to several instances of other officers playfully shooting fellow employees with Siminution without being disciplined. On September 13, 2014, the ALJ reversed the claims deputy's determination, finding that the County did not uniformly enforce its rules as required for "just cause" discharge under Indiana Code section 22-4-15-1(d)(2).

On September 24, 2013, the County appealed the ALJ's ruling to the Review Board. The County also requested permission from the Review Board to submit the transcript of the Merit Board hearing as additional evidence, claiming it called into question Amos's testimony at the ALJ hearing. On November 4, 2013, the Review Board denied the County's request and affirmed the decision of the ALJ. In its judgment, the Review Board stated:

> The Merit Board's judgment does not address how other employees have been disciplined for similar conduct, nor did the Employer present evidence on that topic at the [ALJ] hearing. The Employer, therefore, failed to provide any evidence that the Employer uniformly enforces its rules. The only evidence [presented] at the unemployment hearing on the issue of uniform

4

enforcement was presented by the Claimant. The Claimant's testimony that other officers had engaged in horseplay by shooting individuals with simunition weapons without incident supports the [ALJ's] finding and conclusion that the Employer does not uniformly enforce its rules with all employees.

Decision of the Review Bd.[1]

## DISCUSSION AND DECISION

The County appeals the Review Board's determination that Amos was not discharged for "just cause" and, therefore, is eligible for unemployment benefits. "The standard of review on appeal of a decision of the [Review] Board is threefold: (1) findings of basic fact are reviewed for substantial evidence; (2) findings of mixed questions of law and fact—ultimate facts—are reviewed for reasonableness; and (3) legal propositions are reviewed for correctness." *Recker v. Review Bd. of Ind. Dep't of Workforce Dev.*, 958 N.E.2d 1136, 1139 (Ind. 2011) (citing *McClain v. Review Bd. of Ind. Dep't of Workforce Dev.,* 693 N.E.2d 1314, 1318 (Ind. 1998)).

### I. Collateral Estoppel

The County argues that the issue of whether Amos was discharged for "just cause" was collaterally estopped by the Merit Board's determination that Amos's violations were "cause" for his discharge. Indiana Code section 36-8-10-11(a) provides that a sheriff "may dismiss, demote, or temporarily suspend a county police officer for cause after preferring charges in writing and after a fair public hearing before the board…." In this context, "cause" means "some dereliction or general neglect of duty, or some delinquency affecting

---

[1] The Decision of the Review Board is attached to Appellant's Brief but numbered as if it was included in Appellant's Appendix. To avoid confusion, we cite to the decision independently.

the general character of the officer, or his fitness for holding the office, or his incapacity to discharge the duties thereof." *Coleman v. City of Gary*, 220 Ind. 446, 458-59, 44 N.E.2d 101, 107 (1942). An unemployed claimant is ineligible for unemployment benefits if he is "discharged for just cause." *Russell v. Review Bd. of Ind. Dep't of Emp't & Training Servs.*, 586 N.E.2d 942, 948 (Ind. Ct. App. 1992); Ind. Code § 22-4-15-1. As it pertains to this matter, "just cause" means a "knowing violation of a reasonable and uniformly enforced rule of an employer." Ind. Code § 22-4-15-1(d)(2).

"Collateral estoppel 'applies where a particular issue is adjudicated and then put in issue in a subsequent suit on a different cause of action between the same parties or their privies.'" *Ghosh v. Ind. State Ethics Comm'n*, 930 N.E.2d 23, 26 (Ind. 2010) (quoting *McClanahan v. Remington Freight Lines, Inc.*, 517 N.E.2d 390, 394 (Ind. 1988)). Fundamentally, the issue sought to be estopped must be the same as the issue previously adjudicated. *Scott v. Scott*, 668 N.E.2d 691, 699 (Ind. Ct. App. 1996) (citing *Spearman v. Delco Remy Div. of Gen. Motors Corp.*, 717 F. Supp. 1351, 1357 (S.D. Ind. 1989)). That is not the case here.

"[W]hether an employer has reason to terminate an at-will employee involves different concerns than whether those reasons constitute 'just cause' for purposes of unemployment compensation…." *Conseco, Inc. v. Review Bd. of Ind. Dep't of Emp't & Training Servs.*, 626 N.E.2d 559, 563 (Ind. Ct. App. 1993). Here, the most notable difference is the requirement of uniform rule enforcement for "just cause" in the unemployment benefits context. Ind. Code § 22-4-15-1(d)(2); *see Coleman v. Review Bd. of Ind. Dep't of Workforce Dev.*, 905 N.E.2d 1015, 1021-22 (Ind. Ct. App. 2009) (noting

6

that although employer was clearly entitled to discharge employee, employee was not discharged for just cause because employer failed to show uniform rule enforcement). Because uniform rule enforcement is not a requirement for "cause" in the context of police officer discipline, Ind. Code § 36-8-10-11(a), we conclude that collateral estoppel does not apply.

## II. Uniform Rule Enforcement

The County alternatively argues that the Review Board erred in defining the class of persons against which it measured uniform rule enforcement. For a rule to be considered uniformly enforced, "the enforcement must be carried out in such a way that all persons under the same conditions and in the same circumstances are treated alike." *McClain*, 693 N.E.2d at 1319. Thus, "[i]n order to evaluate uniformity one must first define the class of persons against whom uniformity is measured." *Id.* Here, the Review Board defined the class as "other officers [who] had engaged in horseplay by shooting individuals with simunition weapons." Decision of the Review Bd.

The County claims that, because Amos is a certified firearms instructor, the proper class includes only certified firearms instructors who engaged in Simunition horseplay. This claim has no merit. Not one of the six rules Amos violated differentiates between officers who are certified firearms instructors and those who are not. *See Stanrail Corp. v. Review Bd. of Dep't of Workforce Dev.*, 735 N.E.2d 1197, 1206 (Ind. Ct. App. 2000) (defining class of persons generally as employees who are ill for three days or more where attendance policy did not differentiate between serious and minor illnesses). There is also no evidence that Merit Board held certified firearms instructors to a higher standard than

other officers under the rules. In fact, the County failed to present any evidence or argument concerning the issue of uniform rule enforcement. We therefore find no error in the Review Board's class definition.

### III. Additional Evidence

The County also argues that the Review Board abused its discretion in denying the County's request to submit the transcript of the Merit Board hearing as additional evidence. The Indiana Administrative Code "requires a party offering additional evidence to show good cause why such evidence should be accepted and good reason why it was not introduced before the ALJ." *Telligman v. Review Bd. of Ind. Dep't of Workforce Dev.*, 996 N.E.2d 858, 865-66 (Ind. Ct. App. 2013) (citing 646 Ind. Admin. Code 5-10-11(b) (2011)). The County claimed the transcript called into question Amos's testimony at the ALJ hearing that other officers had playfully shot fellow employees with Siminution without being disciplined. The County, however, did not offer an explanation as to why it did not present the transcript as evidence at the ALJ hearing. Because the transcript was available at that time and the County had the opportunity to cross-examine Amos during the ALJ hearing, we cannot say the Review Board abused its discretion in denying the County's request.

The judgment of the Review Board is affirmed.

RILEY, J., and ROBB, J., concur.